37 C.C.P.A. (Patents)

### Application of JENNINGS.
### Patent Appeal No. 5629.

United States Court of Customs and Patent Appeals.

May 9, 1950.

Hugh N. Orr, San Francisco, Cal. and Almon S. Nelson, Washington, D. C., for appellant.

E. L. Reynolds, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for Commissioner of Patents.

W. W. Cochran, Washington, D. C., on the brief as former solicitor for Patent Office.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL and JOHNSON, Judges.

GARRETT, Chief Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner denying patent for a design of a vacuum condenser shown in two figures of drawings forming a part of the appellant's application.

In the brief for appellant there is the following descriptive matter: "* * * The design of the invention is characterized by a number of novel features including a hollow glass envelope of distinctive configuration within which is displayed a condenser body of generally cylindrical shape supported in coaxial relation to the body. Thin rod-like conductors extend through inwardly disposed projections within the ends of the envelope, from outwardly curved ends on the condenser body to stepped terminals extending axially outwardly from the ends of the envelope, as illustrated in the patent application drawings, * * *."

The brief of the Solicitor for the Patent Office states that the foregoing description "may be accepted as sufficient for the purposes of argument," but makes the following comment:

" * * * However, it is pertinent to note that the description given by appellant is much more detailed than the specification indicates, or than is required for a construction which will give the appearance as shown in the drawing. "Thus, appellant's exposition of the device implies that the condenser is an electrical condenser, with conductors and terminals. The specification does not state that the device is an electrical condenser. It might merely be a mechanical condenser. The alleged conductors through the ends of the envelope, might be merely tubes of nonconducting material and still give the same appearance. The alleged terminals in a mechanical device might equally well be of nonconducting material. So far as the stepped terminals are concerned, whether either or both the smaller diameter portion or the portion of larger diameter are of electrically conducting material or of insulating material is wholly conjectural on the basis of the disclosure.

"Similarly, the appellant's brief refers to the envelope as being of glass, but the only thing the drawing indicates is that such envelope is transparent."

The application was rejected as lacking patentable novelty over the following mechanical patents:

Rose, Jr., 1,991,174, Feb. 12, 1935; Salzberg, 2,030,187, Feb. 11, 1936; Salzberg, 2,074,864, Mar. 23, 1937; Trevor et al., 2,152,335, Mar. 28, 1939; West, 2,284,547, May 26, 1942.

The Rose patent is for an electron discharge device, as is Salzberg patent 2,074,864. Salzberg patent 2,030,187 is for a short wave tube. The Trevor et al. patent bears the title of "Short Wave System." That of West is entitled "Electrical Device."

In the decision of the board it is said: "Appellant's design shows a cylindrical condenser body inclosed in a bulbous glass envelope with external connector caps. The shape of the envelope suggests that it is made in two similar halves, united by a fused peripheral seal around the inserted condenser. The evacuation of the sealed envelope to protect the inclosed elements and the mode of sealing speculated upon above are obviously utilitarian features, not involved in the design under consideration. However, it must be noted that these factors affect the form of the design."

The mechanisms of the several reference patents were formulated for utility— not for appearance. Appellant's device, shown in the drawings of his application (the drawings being a necessary part of the application), was designed for appearance—not for utility.

It is obvious that the *appearance* of a utilitarian, or mechanical, device properly may be cited as a reference in considering an application for a design, although a design patent, which must be based solely upon appearance, would not seem to be a proper reference in considering an application for a mechanical patent.

In the instant case individual features seem to have been selected from different of the reference patents and compared with features shown in appellant's drawings. In other words, it seems to have been held that by selecting features taken from five different patents, that is, one feature from one patent, another from another, etc., a device might be considered which would so closely resemble the drawings of appellant that his design would not be patentable over such possible construction.

We feel constrained to disagree with the concurring conclusions reached by the tribunals of the Patent Office.

In considering patentability of a proposed design the appearance of the design must be viewed as a whole, as shown by the drawing, or drawings, and compared with something in existence— not with something that might be brought into existence by selecting individual features from prior art and combining them, particularly where combining them would require modification of every individual feature, as would be required here.

The decision of the board is reversed.

Reversed.