47 CCPA

**Application of Willard E. CROTTY.**

**Patent Appeal No. 6463.**

United States Court of Customs and Patent Appeals.
Dec. 7, 1959.

Pyle & Fisher, Cleveland, Ohio (Ray S. Pyle, Cleveland, Ohio, of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and JOHNSON, retired, Judges.

WORLEY, Chief Judge.

This appeal is from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of the single claim of appellant's application for a patent on a design for a life jacket.

The claim reads:

The ornamental design for a Life Jacket as shown and described.

The references relied on are:

| Gibson | 1,670,887 | May 22, 1928; |
|---|---|---|
| Denton | 1,931,406 | October 17, 1933; |
| Straits | 2,307,810 | January 12, 1943. |

Appellant's application discloses a life jacket comprising two identical buoyant pillows of substantially rectangular shape, designed to fit across the chest and back, respectively, of the wearer. They are joined at their ends by relatively wide flat bands of slightly less width than the pillows and adapted to fit under the arms of the wearer. Shoulder straps are secured to the tops of the pillows at points adjacent their ends.

The Denton patent, the principal reference, shows a life jacket in which the front and back are composed of two matching buoyant pillows which are juxtaposed and strapped together to provide a substantially unitary pillow of generally rectangular shape, but with an arcuate depression which, in the front pillow, will lie below the chin, and in the back pillow, below the back of the head when the jacket is in place. The pillows are connected by shoulder straps in substantially the same manner as in appellant's jacket, but are connected by relatively narrow straps which pass under the arms of the wearer.

The Straits and Gibson patents were cited to show use of rectangular pillows in life preserving devices.

It was the position of the Patent Office that no invention would be involved in substituting rectangular pillows as shown by Gibson and Straits for the two-piece pillows of Denton and using wide bands under the arms in place of Denton's narrow bands.

It is, of course, well settled that it is the appearance of a design as a whole which is primarily determinative of the issue of patentability. In re Russell, 239 F.2d 387, 44 CCPA 716, and cases there cited. Viewed as a whole, we think appellant's jacket differs in appearance from that of Denton. Such similarities as there are result merely from the fact they are designed to perform the same function.

It is almost always possible to select from the prior art elements which, if assembled in the proper manner, will approximate the design shown in an application, but the fact that such a selection can be made does not necessarily preclude the presence of patentable invention.

Here the attempt to create an anticipating design by the examiner and the board not only requires replacing the two-part cushions of Denton by single cushions of substantially different appearance and proportions, but also requires a widening of the straps to an extent which we doubt is fairly suggested by the references. It goes without saying, of course, that not every change in proportions of parts is a patentable matter—the question is whether the changes result in a new, original, ornamental and unobvious appearance of the design as a whole. Here, a comparison of the overall appearance of applicant's design with the references creates a substantial doubt in our minds that the references are adequate to support the rejection. We feel justified in resolving that doubt in favor of the applicant. Thus, it becomes necessary to reverse the decision of the board.

Reversed.

JOHNSON, Judge, Retired, did not participate in decision.