50 CCPA

**Application of Nicholas D. McKAY.**
**Patent Appeal No. 6980.**

United States Court of Customs and Patent Appeals.
May 16, 1963.

Worley, Chief Judge, dissented.

---

Miller, Morriss & Pappas, Lansing, Mich. (George P. Pappas, William J. Morriss, Lansing, Mich., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (J. F. Nakamura, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

MARTIN, Judge.

This appeal is from a decision of the Patent Office Board of Appeals affirming the examiner's rejection of the single claim of appellant's application[1] for a design patent for a "Lint Remover."

The single claim is for a lint remover "as shown and described." Appellant's lint remover comprises a cylindrical roller portion and a hollow, tapered, thin-walled, handle portion which extends outwardly coaxially from one of the end surfaces of the cylindrical roller portion. The largest diameter of the handle, which is appreciably smaller in diameter than the cylindrical roller portion, is at the outer extremity thereof. The juncture of the handle portion and the cylindrical roller portion is abrupt with no merging curvature at the juncture line and is concentric with and substantially narrower than the outer circumferential edge of the cylindrical roller end surface.

1. Serial No. 46,774, filed June 28, 1957.

2. A Comeau patent 1,665,875 and an Australian patent to Bennett 158,600 are cited in the examiner's answer and the

The references[2] relied on by the examiner and board are:

Scriminger 2,682,069 June 29, 1954
Kennon 2,758,327 Aug. 14, 1956

The Scriminger patent discloses an implement for cleaning the interiors of tubes, including a substantially cylindrical brush portion and a detachable tapered handle somewhat smaller than the cylindrical brush portion in cross-section. The smaller end of the tapered handle is joined coaxially with one end of the brush portion to form a sharp juncture line.

The Kennon patent shows a lint remover comprising an elongated, hollow body and having a tapered handle extending from one end of the hollow body. The specification states that the cross-sectional shape of the hollow body may be circular.

The examiner in rejecting the appealed claim "as lacking invention" over Scriminger, considering Kennon, stated:

The cleaning implement disclosed in Scriminger is believed to have the same general over-all shape as the subject design. The differences in the size of the roller and the relative proportions of the roller and handle which are suggested in the Kennon patent, in the hollow handle and the dished or concaved end portion, are deemed to involve minor variations well within the competency of the routine designer and not invention.

The board, in sustaining the examiner's decision, stated:

Scriminger clearly discloses the small end of a substantially straight-line handle co-axially piercing the flat, plain end surface of a cylindrical roller portion. In our opinion, the hollow end of appellant's handle, if not suggested by Kennon, does not suggest a different design from the

board's decision but were not relied on by the examiner in his answer or by the board in its decision.

references, but, at best, an obvious modification of an already existing design.

Appellant urges that none of the cited references disclose a lint remover device having a design characterized by:

(1) A hollow, open-end, thin-wall, straight-line, tapered, shaft-like handle which appears to co-axially pierce the end surface of a cylindrical roller portion.

(2) A straight-line, tapered handle having a large differential between the diameter at its "outer-end" and the diameter at its "inner end" where it joins the roller portion.

(3) A sharp angular size-contrasting juncture between the handle and body portions brought about by the large difference between the diameter of the handle portion at the juncture point and the diameter of the roller portion itself.

Appellant contends that he has "created a lint remover design which is aesthetically pleasing and which imparts an unexpected dramatic flair to an otherwise commonplace household article." He urges that the prior art discloses solid, bulky, unitary designs in which the handle and body portions tend to merge together and that it is not obvious from them to achieve either the "unique open-end hollow shell-like handle" or the "unique size-contrasting counter-balance design configuration" of his device.

In determining whether a design is patentable, the design as a whole, and the impression it makes on the eye must be considered. As stated by this court in In re Application of Jennings, 182 F.2d 207, 37 CCPA 1023:

"In considering patentability of a proposed design the appearance of the design must be viewed as a whole, as shown by the drawing, or drawings, and compared with something in existence—not with something that might be brought into existence by selecting individual features from prior art and combining them, particularly where combining them would require modification of every individual feature, as would be required here."

In the present case, the cleaning implement of Scriminger may have "the same general over-all shape" as appellant's design in the broad sense that both have a generally cylindrical body and a tapered handle attached at its smaller end to the body. However, the two devices are vastly different in the impression they make on an observer. The difference seems to us to have two aspects, one being in a difference in proportions of the elements and the other in particular features of the handle alone.

With respect to proportions, the outer and larger end of the Scriminger handle has nearly the same diameter as the cylindrical body itself, whereas the corresponding diameter in appellant's design is markedly less than that of the cylindrical body. Also, the angle of taper of appellant's handle is greater, resulting in the contrast in diameters where the handle meets the end of the body being even more striking.

As to the handle itself, the sharp shape of the end and its thin-walled, hollow construction distinguishes significantly in appearance from the solid handle of Scriminger with its rounded and beveled end. The handle of Kennon's device referred to by the board in the quotation set out above, also has a rounded and beveled end. While Kennon's handle has a longitudinal bore, that bore is occupied by the shaft on which the handle is mounted with the result that Kennon fails to supply any suggestion of a handle giving even the appearance of being hollow, much less hollow and thin-walled.

We think that the proportions of the components of appellant's device, along with the trim appearance resulting from the utilization of straight-line effects and, particularly, the hollow, thin-walled handle, result in a new and ornamental design which would not be obvious from the prior art.

The decision of the board is reversed.

Reversed.

WORLEY, Chief Judge (dissenting).

It seems to me the examiner and board were clearly correct in denying patent protection for appellant's device. Surely the minor, indeed almost insignificant, modification appellant makes in the prior art would be obvious to one of ordinary skill and thus falls far short of patentable dignity. I would affirm.