53 CCPA

### Application of Frederic MARTI and Georges Braunschweig.
### Patent Appeal No. 7598.

United States Court of Customs
and Patent Appeals.

May 5, 1966.

Curtis, Morris & Safford, Edward G.
Curtis, New York City (Edward P.
Brandeau, New York City, of counsel),
for appellants.

Clarence W. Moore, Washington, D. C.
(L. F. Parker, Washington, D. C., of
counsel), for Commissioner of Patents.

Before RICH, Acting Chief Judge,
and MARTIN, SMITH and ALMOND,
Judges, and Judge WILLIAM H. KIRK-
PATRICK.*

MARTIN, Judge.

This appeal is from the decision of the
Patent Office Board of Appeals affirm-
ing the rejection of the only claim in an
application for a design patent, serial
No. 47,727, filed September 13, 1957,
for a "Timepiece Dial."

---

* United States Senior District Judge for the
Eastern District of Pennsylvania, des-
ignated to participate *in place of Chief*
*Judge Worley*, pursuant to provisions of
Section 294(d), Title 28, United States
Code.

Appellants claim "the ornamental design for a timepiece dial as shown"[1] in the three embodiments shown in the figures of their application reproduced here:

Fig. 1     Fig. 2

Fig. 3

Additionally, a Figure 1 (not reproduced) shows that the hour markers are raised.

Appellants' claim was initially rejected as being directed to a multiplicity of designs as indicated by the three embodiments or forms represented in the drawings above, and appellants were accordingly required to elect among the three. Appellants did so, but based on our intervening decision in In re Rubinfield, 270 F.2d 391, 47 CCPA 701, obtained reinstatement of the original drawing, and the Board of Appeals in a "Letter" held that "appellants' right to present several different appearances in the same appli-

1. We do not review the requirement of the examiner, made in the Final Rejection, that the phrase "and described" be added to the claim.

cation under the provisions of In re Rubinfield, [supra] * * *, should not be challenged by a rejection on the grounds of multiplicity." Appellants successfully petitioned to have withdrawn a subsequent restriction requirement as between the form of Fig. 1 and Figs. 2 and 3 above, and the issue here is the patentability of the design on the basis of all three embodiments under 35 U.S.C. §§ 171, 102 and 103.

Although several references were cited, the board sustained the examiner's rejection only on the basis of a patent to Cohen,[2] Des. 145,390, August 13, 1946, which design appears as follows:

*Fig. 1*

The board's view was stated as follows:

We are of the opinion that the claim is unpatentable over the Cohen patent.

While the clock dial there shown is not strikingly similar to either of appellants' figures, it shows the basic underlying concept which is the only

2. We assume the rejection to be proper although it appears that the examiner cited Cohen "merely as an indication of a form of progression on a clock dial * * *."

thing tying appellants' two sets of figures together, i. e., increasing area of indicia to indicate increasingly large numbers. In the patent this is done, obviously by areas of different lengths and constant width, i. e., one button for a one, twelve buttons for a twelve.

Because of the ambiguity of the statutory basis for the board's reliance on Cohen, the solicitor argues both 35 U.S.C. §§ 102(a) and 103:

> * * * Because of the differences between the various species of appellants' clock, it is respectfully submitted that the *generic impression* made upon the mind of an ordinary observer viewing the various species of that design would be *one of progressively increasing areas of indicia* to indicate progressively increasing larger numbers around the face of a dial. This *visual impression* is not believed to be one which is distinct from that formed by an observer of the Cohen patent. [Emphasis ours.]
>
> However, even if the Cohen reference could not be said to "anticipate" the design features common to the three species of the claimed design, the claim would nevertheless seem to be unpatentable under 35 U.S.C. 103. The beads of the Cohen reference are clearly arranged in discrete groups which suggest progressive variations in indicia areas. If it were found that they are intended to be moved for digital counting as argued by appellants * * *, to make them stationary would not involve invention. [sic] Hence, it would appear that no unobvious aspect of the design has been shown.

[redacted] We do not agree that the test of section 102(a), insofar as it applies to a design case, is whether or not the generic "visual impression [of the claimed design] * * * is distinct from that formed by an observer of the * * * [reference]," as argued by the solicitor. Section 102(a) does not apply where the designs are not identical. The fact that appellants are claiming several related embodiments in the single claim does not mean the test is any different.

[redacted] It appears that both the board and the solicitor generalize from the "differences between the various species of appellants' clock * * *" that the visual impression is indistinct. We think that is error; the "species" or embodiments must be considered separately. No *one* of the claimed embodiments is identical to the reference design and thus there can be no section 102(a) anticipation of the claim.

We also view rejection based on section 103 to be similarly erroneous. The board, while admitting the Cohen dial to be "not strikingly similar" to appellants', generalized a "basic underlying concept which is the only thing tying appellants' * * * figures together, i. e., increasing area of indicia * * *." The board then finds that *concept* in an element of the patent, the (abacus) counting beads strung on rods or wires between a complete and conventional inner clock dial and an outer concentric ring carrying large hour numerals.

[redacted] We think the board erred in abstracting a "concept" from appellants' three embodiments, then searching for and applying in a rejection what it considered to be a common concept which it found in the Cohen reference. Assuming arguendo we are to discern concepts underlying designs, we do not agree that the reference "concept" is the same as that of appellants; the latter solely involves a progressive increase in *size* of *a single unit* as hour indicia, whereas the Cohen patent merely shows as *one element* in a total design, *multiple units,* such as beads or buttons, the *number* of which "mark the hours." One is a "concept" of size, progression, the other of counting units.

[redacted] However, it is not a concept but three concrete appearances that are being sought to be patented. Inclusion of more than one embodiment in a design claim does not mean the applicant is attempting to claim a concept; it is merely a claim covering *several* appear-

ances. The necessity to determine whether or not the appearances are obvious has been beclouded, in the board's view, by the plurality of designs. To us there is no question but that in *overall appearance* appellants' dials are so dissimilar from that of the reference as to be non-obvious in a design sense. We therefore must reverse the decision of the board.

Reversed.

SMITH, Judge (concurring).

Much of the hiatus in this record and much of the confusion which followed could have been avoided by a simple statement of the statutory ground of rejection. Instead, we are called upon again to speculate as to what statutory ground of rejection is encompassed in the rejection of the appealed design application as being "unpatentable over" a group of references cited by the examiner.

The board is to be commended for its attempt to simplify the issue by placing its reliance on the Cohen patent. Yet we still must speculate as to whether this rejection is under 35 U.S.C. § 102 or § 103. From my study of the record I agree with the board's characterization of the showing of Cohen that:

> * * * While the clock dial there shown is not strikingly similar to either of appellants' figures, it shows the basic underlying concept which is the only thing tying appellants' two sets of figures together, i. e., increasing area of indicia to indicate increasingly large numbers. In the patent this is done, obviously by areas of different lengths and constant width, i. e., one button for a one, twelve buttons for a twelve.

I disagree, however, with any implication in the above that we should be concerned with what the board calls "the basic underlying concept," *except* as that "concept" finds expression in *comparable* designs.

This analysis suggests what seems to me to be the basic error in the opinion of the board. We are dealing here with a problem whose resolution lies in the field of appearance rather than in the area which encompasses utility patents. We are here concerned with a "new, orginal and ornamental design for an article of manufacture" (35 U.S.C. § 171), not an article per se of some different ornamental design. It is clear from such fundamental considerations that the Cohen reference simply does not show the *design* of a Timepeice Dial *comparable* to the *design* disclosed and claimed by appellant. As described by appellant in his specification:

> The characteristic feature of the design resides in the hour indicator markings and wherein such markings are of *progressively increasing width* throughout the range of the dial. [Emphasis added.]

In determining whether a design is patentable, the design as a whole, and the impression it makes on the eye must be considered. See In re McKay, 316 F.2d 952, 50 CCPA 1257; In re Braun, 275 F.2d 738, 47 CCPA 817; In re Crotty, 272 F.2d 957, 47 CCPA 738.

The *Braun* case, supra, gives us the test to be here applied. The design of the Cohen Timepiece Dial and appellants' design for a Timepiece Dial simply do not look enough alike to support the appealed rejection.

Viewed as a rejection under 35 U.S.C. § 102(a), I agree with the conclusion of the majority that there is no anticipation of appellants' design.

Construing the rejection as falling within 35 U.S.C. § 103, I differ from the majority in the application of this section to an application for a new, original and ornamental design. My view is best expressed by adopting certain of the statutory language of section 103 in pointing out that the differences between the claimed Timepiece Dial design and the design of the Timepiece Dial of the prior art are such that appellants' design as a whole would not have been obvious.