

John Lewis Smith, J., dissented.

See also Cust. & Pat. App., 368 F.2d 1022.

Byerly, Townsend, Watson & Churchill, New York City (Howard J. Churchill, New York City, Robert I. Dennison, Washington, D. C., of counsel), for appellant.

Joseph Schimmel, Washington, D. C. (L. F. Parker, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and MARTIN, SMITH, and ALMOND, Judges.

54 CCPA

**Application of Elaine LUSTIG.**

**Patent Appeal No. 7672.**

United States Court of Customs and Patent Appeals.

Dec. 1, 1966.

WORLEY, Chief Judge.

Lustig seeks to patent:

The ornamental design for a font of type or the like, substantially as shown.

The application was rejected by the examiner, affirmed by the Board of Appeals, on the ground that appellant's font was "an obvious modification" of the Smith font.[1]

1. The references relied on are:

Rogers    D–12,111    January 11, 1881.
Smith    D–38,855    October 8, 1907.
Benton    D–45,981    June 23, 1914.
Protype Lettering Styles catalog (c) 1958, page 12, item #12–0817–G.

According to the board, the secondary references were employed "with respect to certain minor details as to some of the letters."

The following side by side comparison clearly supports the decision below:

LUSTIG  **ABCDEFGH**

SMITH  **ABCDEFGH**

LUSTIG  **IJKLMNOP**

SMITH  **IJKLMNOP**

LUSTIG  **STUVWXYZ**

SMITH  **STUVWXYZ**

LUSTIG  **bcdhiklnopr**

SMITH  **bcdhiklnopr**

LUSTIG  **suvxz**  **389**

SMITH  **suvxz**  **389**

In her brief here appellant states that

The font of type of the present invention is characterized by a "boldness" which results from the fact that:

(a) the strokes of the letters are of an almost even weight and thus there is hardly any contrast between the thick and the thin strokes;

(b) the serifs [2] of the letters are best described as being slabs of heavy weight which continue the bold stroke of the rest of the letters and give the impression of an equal weight throughout; and

(c) the bold serifs are slightly rounded where they meet the verticals.

The "boldness" which characterizes the over-all appearance and theme of the present alphabet was recognized by both the Board of Appeals and the Examiner.

We are equally cognizant of the minor differences appellant relies on, and equally certain they do not reflect differences which would be unobvious to one of ordinary skill in the art.

The decision is affirmed.

Affirmed.

Judge RICH took no part in the consideration or decision of this case.

Judge MARTIN participated in the hearing but died before a decision was reached. By agreement of counsel, Judge KIRKPATRICK participated in the decision of this case.

SMITH, Judge (dissenting).

The majority opinion makes no reference to certain decisions of this court in prior design cases which I think have particular applicability to the present case. They are very pertinent to the basic issue here before us and not distinguishable in principle. However, for reasons not stated, the majority does not seem to follow those cases. The cases to which I refer are:

In re Faustmann, 155 F.2d 388, 33 CCPA 1065. (typewriter keyboard)

In re Jennings, 182 F.2d 207, 37 CCPA 1023. (vacuum condenser)

In re Bartlett, 300 F.2d 942, 49 CCPA 969. (plastic floor tile)

In re McKay, 316 F.2d 952, 50 CCPA 1257. (lint remover)

In re Laverne, 356 F.2d 1003, 53 CCPA 1158. (molded chair)

These cases have properly recognized that the test of obviousness of a design under 35 U.S.C. § 103 requires a different analysis than that usually employed in mechanical cases. Thus, in the *Faustmann* case, while the court was considering the concept of "invention" rather than "obviousness," it stated that the problem in designs required that it "must necessarily be approached from a different angle."

A unanimous four-judge court in *Laverne* stated:

\* \* \* The test must be obviousness, for that is the dictate of section 103, but it must be applied in a way which will implement the legislative intent to promote progress in the field of industrial design by means of the patent incentive. This will not be done by denying patents to everything competent designers produce by the skill of their calling.

Here, appellant's type font design is new. The differences which make it new are dismissed by the majority as "obvious." In arriving at that conclusion I find no evidence in the majority opinion that the design was ever considered as a whole as is specifically required by section 103. The design of a font of type is the design of an entity. To support the majority opinion, this concept must

2. W. Turner Berry and A. F. Johnson, Encyclopedia of Type Faces, Blandford Press Ltd., 1953, page 12, defines serifs: In the designing of formal letters \* \* \* unconnected strokes are finished off by the addition of short cross-lines called serifs. \* \* \* They may be horizontal on top, or inclined; they may be thick or thin, and of varying size in proportion to the main stem. \* \* \*

be disregarded and the totality of the design ignored in favor of picking apart of the design bit by bit and then finding these "bits" to be obvious. Applying the same tests to any design, the majority would move to the legal conclusion that such creations would be "obvious" because they are composed of linear surfaces which per se are old and it would be obvious to provide an old contour here and another old contour there.

The result is to consider a design as the blind men of the fable considered the elephant. One gets no concept of an elephant as a whole by an examination of its various components. Yet if we adopt the test here applied by the majority we are required to look to the separate details of the designer's concept without once lifting our eyes to see and consider the entirety of the design concept. A judgment as to obviousness on such an analysis is not what is intended by the conditions imposed upon us in section 103.

Here, the design which the designer provided is of an entire font of type or the like which, *as a whole,* is characterized by what is here termed its "boldness." This boldness of the totality of the design is apparent from the reproductions which are included in the majority opinion. The font of type designed by appellant and that of the Smith reference must be compared as wholes before the test of section 103 is met. What appellant did was not to "modify" the Smith type font. Rather, what appellant did was to design a new font of type having a characteristic lacking from the Smith concept, i. e., a font of type in which blockier, more solid letter and numeral designs were employed to achieve the over-all new design. The changes in any individual letter or numeral admittedly are not pronounce but the results of these individual changes become cumulative as one progresses through the entire font of type so that when the complete font is viewed as a whole appellant's concept of "boldness" in the entire type font is seen.

There *is nothing of record here from* which we should conclude as a fact that the novel boldness of appellant's design is but an obvious variant on the design of the Smith font. I would, therefore, adhere to our prior decisions in design cases and for the reasons spelled out therein, I would reverse the decision of the board.