59 CCPA

**Application of Charles William
LAPWORTH.
Patent Appeal No. 8586.**

United States Court of Customs
and Patent Appeals.
Dec. 16, 1971.

Anthony A. O'Brien, Washington, D. C., attorney of record, for appellant; Francis A. Utecht, Long Beach, Cal., of counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents; John W. Dewhirst, Washington, D. C., of counsel.

Before WORLEY, Chief Judge, and RICH, ALMOND, BALDWIN and LANE, Judges.

RICH, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the examiner's rejection of appellant's design patent application, serial No. 4,107, filed September 30, 1966, for "Sailboat." We affirm.

Appellant's design pertains only to the hull portion of a sailboat which he designates as the "CAL–36." It is shown in elevation in the following figure taken from appellant's brief before the board:

[A4561]

The rejection is based on a single reference, a description in the March 1964 issue of *Popular Boating*, pages 108–109, of another sailboat of appellant's design designated "CAL–40" and shown in the drawing below, from the same brief before the board:

[A4559]

In arguing for patentability before the board, appellant submitted the following drawing to show, in part, how the two designs differ:

[A4560]

This drawing shows only the differences —as well as the similarities—in the elevational outlines of the two boats. Other minor differences appearing in other figures of the application drawing and Popular Boating illustrations are the displacement of a hatch cover from the center of the cabin top to the starboard side of the top, minor rearrangement of the cockpit seats, and elimination of coaming along the sides of the CAL–40 cockpit, as may be seen.

The sole rejection sustained by the board was the examiner's rejection as "unpatentable over the Cal–40 reference under 35 USC 103."

In this court appellant relies solely on our decision in In re Laverne, 356 F.2d 1003, 53 C.C.P.A. 1158 (1966), which he says "stands on all fours with" the present case. He feels that the board did not apply the law as we delineated it in that opinion. We do not agree. The essence of the board's opinion is found in the following:

> * * * upon a comparison of the subject design with that of the reference, we are inclined to agree with the Examiner that the average observer would take the two designs as mere manifestations of the same basic design, rather than characteristically different designs capable of supporting different patents. The detailed differences over the reference pointed out in the appeal brief, do not, in our opinion, affect the appearance of the design as a whole and the impression it makes to the eye of the average observer, which are still largely controlling of patentability of designs. It is distinctiveness in overall appearance of an object, when compared with the prior art, rather than minute details or small variations in configuration as appears to be the case here, that constitutes the test of design patentability.

Appellant contends that the board failed to appreciate the cumulative effect of a number of apparently minor differences and insists that CAL–40 and CAL–36 present a "distinctly different overall appearance." The argument repeatedly made is that CAL–40 "provides a feeling of a flat, powerful racing platform" whereas CAL–36 "is a more graceful, fuller and finer racing-cruising yacht." We think we get the point of this combination of wishful thinking, advocacy, and salesmanship, but from the standpoint of design patentability the above illustrations bring us back to reality and persuade us of the correctness of the decision below, which is *affirmed*.

Affirmed.