59 CCPA

**Application of James B. SWETT.**
**Patent Appeal No. 8700.**

United States Court of Customs
and Patent Appeals.

Sept. 7, 1972.

Rich, Acting C. J., dissented and filed opinion.

Maletz, J., dissented and filed opinion.

Paul R. Wylie, Los Angeles, Cal., atty. of record, for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Fred W. Sherling, Washington, D. C., of counsel.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN and LANE, Judges, and MALETZ, Judge, United States Customs Court, sitting by designation.

BALDWIN, Judge.

Swett appeals from the decision of the Patent Office Board of Appeals, adhered to on reconsideration, sustaining the rejection of the claim in his application for a design patent, entitled "Storage Container for Lettuce or the Like." [1]

The claim design is sufficiently clear from Figures 2 and 5:

FIG: 2

[A6315]

FIG. 5

1. Application Serial No. D-5008, filed December 12, 1966, which is a continuation-in-part of application Serial No. D-906, filed February 3, 1966.

The references relied on are a page from a "Tupperware" catalogue,[2] a patent to one Liberman,[3] and an advertisement in *Housewares Review*.[4] The board relied on the appearance of two food storage bowls which were shown and described in the Tupperware catalogue as "Wonderlier" bowls and "refrigerator" bowls. The "Wonderlier" bowls are wider than they are deep, and all have an annular rim spaced just below the lip. The refrigerator bowls have a shape which is substantially similar to the shape of appellant's bowls, but they have no annular rim. Both types of bowls have sealing covers, but the covers do not have the domed central portion of the design at bar.

The *Housewares Review* advertisement shows food storage containers which, although they have curved sides, are generally shaped like a cube. The covers of the containers have a center section which is raised a fraction of an inch above the main plane of the cover. The center sections are flat, and conform in shape to the generally square shape of the cover.

Liberman discloses packages for light bulbs. The packages have covers which have embossed central portions for holding the light bulbs in alignment with the package. The embodiment relied on by the board is shown in Figure 2:

[A6317]

Fig.2.

---

2. Cited by the examiner and the board as *"Tupperware Catalog,* received November 30, 1962, page 6."

3. U.S. Patent No. 3,247,954, issued April 26, 1966, on an application filed August 20, 1963.

4. *Housewares Review,* May 1951, page 24.

Although Figure 6 differs slightly from the embodiment specifically relied on by the board, it gives a concise picture of the construction of the package:

Fig.6.

[A6316]

The board considered the domed top in appellant's design obvious after a consideration of the *Housewares Review* and Liberman references. It is not clear from the board's opinion whether it relied upon these references as alternatives, or relied on one in view of the other:

> The Housewares Review plastic "Storage Paks" have * * * [raised] tops which correspond in outline to the substantially rectangular outline of the containers. Providing round tops as those in the Tupperware containers with central domes would appear to be an obvious design extension of the Houseware showing. This, in our opinion, would also be even more obvious from Liberman (Figs. 1, 2 and 3) who discloses a circular cover 26 with a central circular dome, giving precisely the same appearance of the cover top as that of the subject design.

We have considered both grounds. The board's position may be summarized as being that it would have been obvious to use the shape of the Tupperware refrigerator bowl in conjunction with the annular rim of the Tupperware "Wonderlier" bowl, and to provide the bowl cover with a domed central portion from a consideration of the *Housewares Review* and Liberman references.

*Opinion*

We think the design at bar creates a distinct and different impression, and that it is not fairly taught or suggested by the combination of references relied on. In particular, the cover with the domed center portion is not rendered obvious by any combination using the *Housewares Review* and Liberman references. The raised portion of the covers of the food storage containers in *Housewares Review* is completely flat. It no more suggests a dome than the roof of the Kennedy Center suggests the roof of the Capitol. The Liberman reference does show that the combination of shapes utilized in appellant's covers, a spherical section rising out of a planar surface, was previously known. However, the combinations of shapes which had never been used before for *any* purpose would be scarce indeed. The problem is that the references are devoid of any reasons

why their disclosures might be combined or any suggestion that it would have been obvious to do so. Whether or not the doctrine of "nonanalogous arts" is applicable in any manner to design patents, we think that the references relied on here are *not* "so related that the appearance of certain ornamental features in one would suggest the application of those features to the other." In re Glavas, 230 F.2d 447, 450, 43 CCPA 797, 801 (1956). The only thing in the record that might suggest the proposed combination of the reference disclosures is appellants design itself. See In re McKay, 316 F.2d 952, 50 CCPA 1257 (1963); In re Jennings, 182 F.2d 207, 37 CCPA 1023 (1950).

The decision of the board is therefore reversed.

Reversed.

RICH, Acting Chief Judge (dissenting).

In my view, the claimed design is obvious in view of the showings of the references. The bowl shape is in the Tupperware refrigerator bowl, as the majority admits. Placing the "Wonderlier" rim thereon and adding the slight dome to the cover seems to me clearly within the realm of the obvious in bowl design. The commercial success relied on has not been shown to be attributable to the design rather than to marketing skill in creating and meeting a potential demand for a good, functional lettuce container.

MALETZ, Judge (dissenting).

I cannot agree with the result reached by the majority, and must respectfully record my dissent.

Contrary to the majority, it seems to me that, as an evidentiary matter, the "Tupperware" catalog and Liberman patent are sufficiently "related that the appearance of certain ornamental features in one would suggest the application of those features to the other." In re Glavas, 230 F.2d 447, 43 CCPA 797 (1956). The relevant art here is the

package design art, and the problem to be solved is how to design a package or container suitable for storing a spherical object, viz. a head of lettuce. The Liberman reference referred to by the majority is evidence that a similar problem was faced in another aspect of the packaging industry, and solved by placing a dome portion in the cover of the container which is shaped to conform generally to the spherical top of the contained object, a light bulb. The board found (and neither appellant nor the majority has disputed the finding) that appellant "quite likely domed the Tupperware cover to provide more room and accommodate the top of a head of lettuce." Appellant's design is no more than a functionally-inspired solution to the heretofore-mentioned lettuce storage problem, the appearance of which would have been obvious from the references relied on. I would affirm.