**Application of Howard COOPER.**
**Patent Appeal No. 9029.**

United States Court of Customs and Patent Appeals.
July 12, 1973.

Kenyon & Kenyon Reilly Carr & Chapin, New York City, attorneys of record, for appellant; William T. Boland, Jr., Kevin J. Heyd, Charles B. Spencer, New York City, of counsel.

S. Wm. Cochran, Washington, D.C., for the Commissioner of Patents; Fred E. McKelvey, Washington, D.C., of counsel.

Before MARKEY, Chief Judge, RICH, BALDWIN and LANE, Associate Judges, and ALMOND, Senior Judge.

RICH, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the rejection of application serial No. 13,935, filed October 10, 1968, for Design for Restaurant. The claim is in conventional design form, referring to the drawing in which Fig. 1 is as follows:

[A9037]

The only significant added showing in the other two figures is that the door stands vertically in spite of the curvature of the barrel shape of the building, thus extending outwardly from the

bottom of the barrel since it is approximately flush at the top of the door.

Two references are relied on:

Cunliff D–77,814 Feb. 26, 1929
Niquette et al. D–78,404 Apr. 30, 1929

Cunliff is the principal reference and is as follows:

[A9036]

Niquette shows a more elaborate building called a "Combined Food and Beverage Vending Station," the theme of which is two barrels, spaced apart, surrounded below their middles with a sort of enclosed veranda. The overall appearance is not significant since all this reference was relied on for was a showing of flat roofs on the barrel portions. We note that in Niquette three spaced hoops of equal width appear above the roof and two hoops appear below.

The examiner held the design unpatentable under 35 U.S.C. § 103 over Cunliff taken with Niquette, saying, "The overall appearance of the subject design is very similar to the overall appearance of the Cunliff patent." In his Answer he amplified his views, saying:

It is the examiner's position that from an ornamental standpoint the changes are so slight to the total design as to be de minimis and the overall appearance would be so nearly the same as to fall within the realm of the obvious. (In re Blum, [374 F.2d 904, 54 CCPA 1231] [1967]).

The board affirmed on the examiner's reasoning.

## OPINION

We think the rejection was sound because we think appellant's design is obvious in view of the references.

In an effort to persuade us that the examiner erred, appellant resorts to exaggeration to urge that Cunliff is "remarkably different." He says:

Applicant's design *looks* like a barrel. *Cunliff's* design resembles a barrel only vaguely, the dominant visual impression being more like a rather dour human face wearing a "coolie" hat.

*Cunliff's* several windows, his dominant door-awning combination, and his conical roof all detract from any attempt of *Cunliff* to approximate the appearance of a barrel.

Looking at the drawings, we get the distinct impression that Cunliff succeeds quite well in looking like a barrel. We think, in fact, that the resemblance between Cunliff and appellant's design would appear to be even closer if appellant's drawing had been done in perspective like Cunliff's.

Appellant's arguments about Niquette point out major distinctions but in doing so they miss the point for which this reference was cited, which was only to show the obviousness of putting a flat roof on Cunliff, which we think would be obvious merely from the shape of barrels, which have flat ends.

There are, of course, self-evident differences between appellant's design and the principal reference: (1) a double door instead of a single door; (2) no windows vs. windows; (3) the shape of the roof; and (4) the number and positioning of the hoops or tie-rods. As to their net effect, the conflict is between

the examiner's view that each change is minor and the final effect so nearly the same that the design would have been obvious and appellant's position that even with the roof left off of Cunliff his building is "strikingly distinct" therefrom. Appellant says:

\* \* \* *Cunliff's* structure still appears to resemble a little Alice-in-Wonderland house or building having the characature of a human face.

Unfortunately, there is nothing of record showing what an Alice-in-Wonderland house looks like nor does appellant disclose what illustrator of that classic he had in mind, if any.\*

Appellant relies on two cases in this court in particular, In re Swett, 464 F. 2d 1399, 59 CCPA 1236 (1972), and In re Laverne, 356 F.2d 1003, 53 CCPA 1158 (1966). Swett was a three-to-two decision holding the design of a lettuce bowl and cover unobvious; it is a precedent in favor of appellant. *Laverne* involved designs for molded plastic pedestal chairs. Inspection of the drawings in our opinion shows, we think, there was considerably more difference in overall appearance than exists here. On the other side is one of our most recent design decisions, In re Lapworth, 451 F.2d 1094, 59 CCPA 738 (1971), on a sailboat design, wherein *Laverne* was also relied on. We think the small differences to be found here are about on a par with those in *Lapworth*. Another way of viewing the question of obviousness—which, of course, is not without its difficulties—is that it would be ob-

vious to modify Cunliff by changing his roof to a flat one, omit his rather insignificant windows, and door awning, and replace his single, paneled door with a pair of paneled doors. The remaining net effect is that the building still has the general appearance of a barrel, even if a couple of hoops seem to have been shifted a bit, and, moreover, the appearance of the same kind of a barrel as Cunliff. In short, we deem the modifications of Cunliff to have been obvious.

The decision of the board is affirmed.

*Affirmed.*

---

\* Appellant's brief is like the book Alice's sister was reading in the opening paragraph of the story:

   Alice was beginning to get very tired of sitting by her sister on the bank and of having nothing to do. Once or twice she had peeped into the book her sister was reading, but it had no pictures or conversations in it. "And what is the use of a book," thought Alice, "without pictures or conversations?"

We find design case brief descriptions without pictures of little use.

   Further pursuing the Alice theme, there is some support in it for appellant's con-

tention that Cunliff looks like an Alice-in-Wonderland house and the caricature of a human face.

   "When *I* use a word," Humpty Dumpty said, in rather a scornful tone, "it means just what I choose it to mean—neither more nor less."

   "The question is," said Alice, "whether you *can* make words mean so many different things."

   "The question is," said Humpty Dumpty, "which is to be master—that's all." *Through The Looking-Glass*, Chapt. VI.