# United States Court of Appeals for the Federal Circuit

_____

**CAMPBELL SOUP COMPANY, CAMPBELL SALES COMPANY, TRINITY MANUFACTURING, LLC,**
*Appellants*

**v.**

**GAMON PLUS, INC.,**
*Appellee*

_____

2018-2029, 2018-2030

_____

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2017-00091, IPR2017-00094.

_____

Decided: September 26, 2019

_____

TRACY ZURZOLO QUINN, Holland & Knight LLP, Philadelphia, PA, argued for all appellants. Appellants Campbell Soup Company, Campbell Sales Company also represented by STEVEN E. JEDLINSKI, Chicago, IL.

MARTIN B. PAVANE, Cozen O'Connor, New York, NY, for appellant Trinity Manufacturing, LLC. Also represented by DARREN SCOTT MOGIL.

ANDREW L. TIAJOLOFF, Tiajoloff & Kelly LLP, New York, NY, argued for appellee.

_____

Before PROST, *Chief Judge,* NEWMAN and MOORE, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* MOORE.

Dissenting opinion filed by *Circuit Judge* NEWMAN.

MOORE, *Circuit Judge*.

Campbell Soup Company, Campbell Sales Company, and Trinity Manufacturing, LLC ("Appellants") appeal the final written decisions of the Patent Trial and Appeal Board holding Appellants did not demonstrate that the claimed designs of U.S. Patent Nos. D612,646 and D621,645 would have been obvious over U.S. Patent No. D405,622 ("Linz") and G.B. Patent Application No. 2,303,624 ("Samways"). Because substantial evidence does not support the Board's finding that Linz is not a proper primary reference, and substantial evidence supports the Board's finding that Samways is not a proper primary reference, we affirm-in-part, vacate-in-part, and remand.

BACKGROUND

Gamon Plus, Inc. owns the '646 and '645 patents, which each claim: "The ornamental design for a gravity feed dispenser display, as shown and described." The sole figure of the '646 patent is depicted below.



J.A. 133. The Board described the claimed design as follows:

> [T]he single embodiment of the patent design illustrates and claims certain front portions of a gravity feed dispenser display. From top to bottom, a generally rectangular surface area, identified by the parties as an access door or label area, is curved convexly forward. . . . The label area is taller vertically than it is wide horizontally, however, the boundary edges of the label area are not claimed. Below the label area there is a gap between the label area and the top of a cylindrical object lying on its side – the gap being approximately the same height as the label area. The width of the label

area is generally about the same as the height of the cylindrical object lying on its side. The height of the cylindrical object (lying on its side) is longer than its diameter. The cylindrical article is positioned partially forward of the label area. Two rectangular lugs, or stops, are positioned in front of the cylindrical object on each bottom side and stand vertically. The rectangular lugs are taller vertically than they are wide horizontally and they stand vertically adjacent the cylindrical object about halfway up the diameter of the cylindrical object.

J.A. 67 (internal citations omitted). The only figure of the '645 patent is identical, except the edges at the top and bottom of the cylindrical object lying on its side and the stops at the bottom of the dispenser are shown in broken lines. Additionally, the figure of the '645 patent includes a small circle shown in broken lines near the middle of the label area.

Appellants petitioned for *inter partes* review, and the Board instituted on the grounds that the sole claim in each of the '646 and '645 patents would have been obvious over (1) Linz in view of Samways, (2) Samways, or (3) Samways in view of Linz. Linz discloses a "display rack" as shown in the figure below. J.A. 696.



J.A. 697.

Samways discloses a dispenser with "a serpentine delivery path . . . along which cylindrical objects to be dispensed can move under the action of gravity." J.A. 701. An example of Samways' dispenser is shown in the figure below.



J.A. 704.

The Board held that Appellants did not establish un-patentability by a preponderance of the evidence because it found that neither Linz nor Samways was similar enough to the claimed designs to constitute a proper primary reference. Appellants timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

DISCUSSION

We review the Board's legal determinations de novo and its factual findings for substantial evidence. *In re Van Os*, 844 F.3d 1359, 1360 (Fed. Cir. 2017). "Obviousness is a question of law based on underlying facts." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1358 (Fed. Cir. 2017). The obviousness inquiry requires consideration of the four Graham factors: "(1) the scope and content of the prior art; (2) the differences between the claims and the prior art; (3) the level of ordinary skill in the art; and (4) objective considerations of nonobviousness." *Id.* These are questions of fact we review for substantial evidence. *Id.*

"In the design patent context, the ultimate inquiry under section 103 is whether the claimed design would have been obvious to a designer of ordinary skill who designs articles of the type involved." *Durling v. Spectrum Furniture Co.*, 101 F.3d 100, 103 (Fed. Cir. 1996). "To determine whether one of ordinary skill would have combined teachings of the prior art to create the same overall visual appearance as the claimed design," the fact finder must first "find a single reference, a something in existence, the design characteristics of which are basically the same as the claimed design." *Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1329 (Fed. Cir. 2012) (internal quotation marks omitted). To identify a primary reference, one must: "(1) discern the correct visual impression created by the patented design as a whole; and (2) determine whether there is a single reference that creates 'basically the same' visual impression." *Durling*, 101 F.3d at 103. If a primary reference exists, related secondary references may be used to modify it. *Id.*

I

The Board found that Linz was not a proper primary reference. Specifically, it found that "Linz does not disclose any object, including the size, shape, and placement of the

object in its display area" and "fails to disclose a cylindrical object below the label area in a similar spatial relationship to the claimed design." J.A. 33–34; *see also* J.A. 94–95. It stated that "[a]dding a hypothetical can to Linz before comparing the designs is improper under *Durling* because such comparison does not consider the design 'in existence' and the modification has a noticeable impact on the overall design." J.A. 34 (quoting *Durling*, 101 F.3d at 103); J.A. 95 (same).

Appellants argue substantial evidence does not support the Board's rejection of Linz as a primary reference. They argue unrebutted testimony shows that a designer of ordinary skill would have understood the Linz dispenser was designed to hold cylindrical objects and that six of the seven references cited on the first page of Linz are directed to dispensers for cylindrical objects. They argue the Board's rejection of Linz for needing modification was improper where it "otherwise conveys basically the same visual impression as the claimed designs." Appellants' Br. 36.[1]

Appellee argues the Board correctly rejected Linz as a primary reference because Linz (1) does not have basically

---

[1]    The parties also raised a dispute regarding claim construction. Appellants argue the Board failed to give the claims their broadest reasonable interpretation by including portions of the drawings shown in broken lines that are unclaimed. They argue the unclaimed portions are "directed to particular spatial relationships between the label area, the can, the gap between the label area and the can, and the relative height and width of the label area itself." Appellants' Br. 31–32. Appellee argues the construction was proper, and the spatial relationship between the label area and the cylindrical object forms part of the claimed invention even though the boundary of the label area is unclaimed. We see no error in the Board's claim construction.

the same design characteristics as the claimed design absent substantial modifications, and (2) cannot be modified as Appellants argue absent impermissible hindsight, improper application of utility patent principles, and misleading artwork. First, it argues Linz does not show or describe its displayed article. Second, it argues Appellants' drawing of Linz with a hypothetical cylindrical object is based on irrelevant utility patent principles having "no regard for appearance of an object" and hindsight bias, and there was nothing in Linz to suggest the appearance of articles to be displayed. Appellee's Br. 26-27.

This case presents the unusual situation where we reverse the Board's factual finding that Linz is not a proper primary reference for lack of substantial evidence support. The parties do not dispute that the claimed designs of the '645 and '646 patents and the design of Linz are for dispensing cans and that a can would be used in the system. Instead, they dispute the dimensions of a can that would be used in Linz in comparison with that in the claimed designs. Oral Argument at 26:16–20 (Counsel for Gamon arguing the "size of the can or what it would look like in this [Linz] device is not clear"); 26:30–33 ("It would be a Red Bull can, but it would be in a different position. It wouldn't be as far forward."); 26:38–48 ("One [distinction] is that the sign has dimensions which are kind of analogous to the shape and the height and width of the Campbell Soup can, which is lying sideways there."); 27:39–46 (Counsel for Gamon disagreeing that Gamon's patents claim any type of can, rather than just the Campbell Soup can and stating "we're talking about the actual dimensions of this can and the associated height and location of the sign above it"); 31:13–16 (Counsel for Gamon stating, with respect to Linz, "[t]he question is what size can are you going to put in there and what's it going to look like.").

Accepting the Board's description of the claimed designs as correct, the ever-so-slight differences in design, in light of the overall similarities, do not properly lead to the

result that Linz is not "a single reference that creates 'basically the same' visual impression" as the claimed designs. *See Durling*, 101 F.3d at 103. The parties do not dispute that Linz's design is made to hold a cylindrical object in its display area. In light of these facts, the Board's finding that Linz is not a proper primary reference is not supported by substantial evidence.

## II

The Board further found that Samways was not a proper primary reference. Specifically, it found that "significant modifications would first need to be made to Samways' design, such as combining two distinct embodiments of the utility patent," which is "not a design in existence." J.A. 44; J.A. 105. It found that "[c]onsidering the designs as a whole, the design characteristics of Samways are not basically the same as the claimed design." J.A. 50; J.A. 110. It pointed to Samways' (1) "dual dispensing area with the addition of central tabs, or stops"; and (2) its front label area, which "extends across both of the dual dispensing areas" and is "taller than the label area of the claimed design with a small gap between the cylindrical objects and the label area." J.A. 50; J.A. 110–11.

Appellants argue the Board "wrongly limited its analysis to only the particular illustrations in Samways, rather than the teachings of Samways as a whole." Appellants' Br. 38. They argue "Samways in its entirety clearly discloses a dispenser having design characteristics that are basically the same as those of the claimed . . . designs." *Id.* at 39. They argue considering Samways as a whole does not constitute "modification" of the reference through "impermissible hindsight." Reply Br. 18.

Appellee argues the Board correctly rejected Samways as a primary reference. It argues Appellants' proposal is a major modification because it changes the shape and dimensions of Samways' jars and removes parts to make it function with the changed articles. It argues even with the

modification, Samways "would not give basically the same visual impression as the claimed designs." Appellee Br. 36.

Accepting the Board's description of the claimed designs as correct, substantial evidence supports the Board's finding that Samways is not a proper primary reference. Samways has a dual dispensing area, compared to the single dispensing area of the claimed designs, and has a front label area with different dimensions that extends across both dispensing areas. Given these differences, substantial evidence supports the Board's finding that Samways does not create basically the same visual impression as the claimed designs.

CONCLUSION

As to Linz, substantial evidence does not support the Board's finding that Linz is not a proper primary reference. In light of this finding, we vacate the Board's conclusion that the claimed designs would not have been obvious over Linz in view of Samways. Because substantial evidence supports the Board's finding that Samways is not a proper primary reference, we affirm the Board's conclusions that the claimed designs would not have been obvious over Samways or Samways in view of Linz. We do not reach Appellants' remaining arguments. On remand, the Board should also consider the non-instituted grounds for unpatentability consistent with the Supreme Court's decision in *SAS Institute Inc. v. Iancu*, 138 S. Ct. 1348 (2018).

**AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED**

COSTS

No costs.

# United States Court of Appeals for the Federal Circuit

———————————

**CAMPBELL SOUP COMPANY, CAMPBELL SALES COMPANY, TRINITY MANUFACTURING, LLC,**
*Appellants*

**v.**

**GAMON PLUS, INC.,**
*Appellee*

———————————

2018-2029, 2018-2030

———————————

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2017-00091, IPR2017-00094.

———————————

NEWMAN, *Circuit Judge*, dissenting.

The Patent Trial and Appeal Board ("Board" or "PTAB") correctly applied the law of design patents, and held that neither the reference design of Linz nor that of Samways creates a visual impression substantially similar to the claimed design. Substantial evidence supports the Board's findings, leading to correct conclusions of law. From my colleagues' contrary finding as to the Linz design and the ensuing remand, I respectfully dissent.

DISCUSSION

Design patents are evaluated from the viewpoint of the ordinary observer or, when appropriate, the ordinary designer. Ordinary observation resolves this case.

Obviousness of a design requires the threshold existence of a "primary reference," s*ee In re Rosen*, 673 F.2d 388, 391 (CCPA 1982) ("[T]here must be a reference, a something in existence, the design characteristics of which are basically the same as the claimed design in order to support a holding of obviousness."). To determine whether this threshold is met by a reference design, the observer must "(1) discern the correct visual impression created by the patented design as a whole; and (2) determine whether there is a single reference that creates 'basically the same' visual impression." *High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1312 (Fed. Cir. 2013) (quoting *Durling v. Spectrum Furniture Co.*, 101 F.3d 100, 103 (Fed. Cir. 1996)). That is, the reference design and the patented design must be basically the same, *see MRC Innovations, Inc. v. Hunter Mfg., LLP*, 747 F.3d 1326, 1331 (Fed. Cir. 2014) ("The 'basically the same' test requires consideration of the 'visual impression created by the patented design as a whole.'" (citation omitted)).

Gamon claims "The ornamental design for a gravity feed dispenser display," shown as follows in Gamon's Design Patent No. D612,646:



The cited prior art is two dispenser designs, the Linz dispenser and the Samways dispenser; the PTAB found that neither of these designs constitutes a primary reference in design patent terms. The Linz design is shown in Design Patent No. D405,622, for "[t]he ornamental design for a display rack, as shown and described:"



The Samways reference is G.B. Patent Application No. 2,303,624, entitled "Serpentine dispenser," with the following drawing:



The Board held that neither the Linz nor the Samways design is substantially the same as the Gamon design, and thus is not a primary reference. My colleagues agree with the Board as to Samways, and I share that view. With respect to the Linz design, the Board similarly concluded that an ordinary observer would not reasonably find "substantial identity of design," the words of *Gorham Co. v. White*, 81 U.S. 511, 527 (1871). The Board stated that "examining the design of Linz in existence, Petitioner has not established persuasively that the designs of Linz and the '645 patent are substantially the same." Board Op. at 32. Although my colleagues disagree, the Board's conclusion is correct.

Gamon had stated that only the front portion of its dispenser design is free of dashed lines; that is, the label area

and the cylindrical object lying on its side. The Board examined the Gamon design from this viewpoint, and held that even if the Gamon dispenser design is deemed limited to the label area and the horizontal cylinder, Linz is not a primary reference for it shows no cylinder at all. The Board explained:

> The biggest difference between the designs is that Linz does not disclose a cylindrical object in its display. The claimed cylindrical object, and its spatial relationship to the label area in the '645 patent, is half of the scope of the design claim.

*Id.* at 33. The Board concluded that Campbell Soup "failed to establish sufficiently how a designer of ordinary skill in the art would first consider Linz a primary reference." *Id.*

My colleagues propose that since "Linz's design is made to hold a cylindrical object in its display area," Maj. Op. at 10, the Linz design must be viewed with judicial insertion of the missing cylindrical object. This analysis is not in accordance with design patent law. Only after a primary reference is found for the design as a whole, is it appropriate to consider whether the reference design may be modified with other features, selected to match the patented design. *See In re Jennings*, 182 F.2d 207 (CCPA 1950):

> In considering patentability of a proposed design the appearance of the design must be viewed as a whole, as shown by the drawing, or drawings, and compared with something in existence—not with something that might be brought into existence by selecting individual features from prior art and combining them.

*Id.* at 208; *see also Durling*, 101 F.3d at 103 ("Once this primary reference is found, other references may be used to modify it to create a design that has the same overall visual appearance as the claimed design.").

The Board correctly stated that "[a]ny reasoning that first requires a modification to Linz in order to arrive at a substantially similar design is improper under *Durling*." Board Op. at 30. My colleagues hold that the designs are substantially the same despite the absence in Linz of the cylindrical object, reasoning that it may be assumed that the Linz dispenser is for a cylindrical object. However, even on Gamon's position that its only claimed design elements are the label area and the cylindrical object, the cylindrical object is a major design component. The absence from the primary reference of a major design component cannot be deemed insubstantial.

The Board correctly explained that Campbell Soup "improperly molds concepts of utility obviousness into the design patent obviousness analysis. For example, [Campbell Soup] alleges that if Linz 'does not inherently disclose a cylindrical can, it would be obvious to a designer of ordinary skill in the art to use the display rack of Linz to dispense cylindrical cans.'" Board Op. at 30 (quoting Petition for Inter Partes Review at 30). The Board stated that "[Campbell Soup's] analysis considers not a design currently in existence, but a potential design based on [the witness'] assumption of how utilitarian features like curved rails indicate that a can could be displayed." *Id.* at 31 (quoting Gandy Decl. ¶ 50 (stating "that the Linz display rack is intended for use with cylindrical cans")).

My colleagues err in design patent law—in modifying the Linz design by adding a can, Maj. Op. at 10, in order to create a design more similar to the Gamon design. Whether viewing the designs in their entirety, or only the portion that Gamon enclosed in solid lines, substantial evidence supports the Board's finding that Linz does not "create basically the same visual impression" as the claimed design. *MRC Innovations*, 747 F.3d at 1331. Thus Linz cannot serve as a primary reference. From my colleagues' contrary finding and its action based thereon, I respectfully dissent.