# United States Court of Appeals for the Federal Circuit

05-1159

AMINI INNOVATION CORPORATION,

Plaintiff-Appellant,

v.

ANTHONY CALIFORNIA, INC. and JAMES CHANG,

Defendants-Appellees.

Donald M. Cislo, Cislo & Thomas LLP, of Santa Monica, California, argued for plaintiff-appellant. With him on the brief were Daniel M. Cislo, Kelly W. Cunningham, and Mark D. Nielsen.

Ronald M. St. Marie, Chan Law Group PLC, of Los Angeles, California, argued for defendants-appellees. Of counsel was Thomas T. Chan.

Appealed from: United States District Court for the Central District of California

Judge S. James Otero

# United States Court of Appeals for the Federal Circuit

05-1159

AMINI INNOVATION CORPORATION,

Plaintiff-Appellant,

v.

ANTHONY CALIFORNIA, INC. and JAMES CHANG,

Defendants-Appellees.

_____

DECIDED:  March 3, 2006

_____

Before MAYER, RADER, and DYK, <u>Circuit Judges</u>.

RADER, <u>Circuit Judge</u>.

Anthony California, Inc. (Anthony) designed, and sells, the Sonoran and Hercules collections of bedroom furniture.  James Chang is Anthony's president and principal shareholder.  Anthony's competitor, Amini Innovation Corp. (Amini), sells the LaFrancaise and Paradisio collections of bedroom furniture.  Amini sued Anthony for infringement of its copyrights and design patent.  The United States District Court for the Central District of California granted summary judgment of non-infringement of the copyrights and design patent. Because the record discloses a lingering genuine issue of material fact, this court reverses and remands for further proceedings as appropriate.

I.

Amini holds U.S. Copyright Registrations for, as the registrations state, "carved ornamental woodwork" in the bed and dresser with mirror in the LaFrancaise line, and the bed, dresser with mirror, armoire, and night stand in the Paradisio line. Amini also owns U.S. Patent No. D475,218 (June 3, 2003) (the '218 patent) for the design of its Paradisio bed frame. These products were first sold in 2000 and 2001. After Anthony's products went on sale, in August 2003, Amini informed James Chang of its belief that Anthony was infringing Amini's copyrights and patents. Amini further demanded that Anthony stop any further sale of its accused products. Anthony did not agree. Amini sued Anthony for six counts of copyright infringement and one count of design patent infringement on December 1, 2003. After discovery, which included expert testimony, the trial court granted Anthony's motion for summary judgment of non-infringement of the copyrights and the design patent, and denied Amini's motion for partial summary judgment of infringement of its copyright claims. Amini Innovation Corp. v. Anthony California, Inc., CV 03-8749 SJO, CV 04-1192 SJO, CV-04-1316 SJO (C.D. Cal., Dec. 6, 2004) (Order). This appeal followed.

II.

This court has jurisdiction over this appeal because it includes claims for patent, as well as copyright, infringement. 28 U.S.C. §§ 1292, 1295, 1338 (2005). This court applies copyright law as interpreted by the regional circuits, in this case the for the Ninth Circuit. Atari Games v. Nintendo of Am., 897 F.2d 1572, 1575 (Fed. Cir. 1990). The United States Court of Appeals for the Ninth

Circuit reviews interpretations of the copyright act without deference. See Ets-Hokin v. Skyy Spirits, Inc., 225 F.3d 1068, 1073 (9th Cir. 2000). The protection of a particular design under the copyright law raises a mixed question of law and fact that the Ninth Circuit also reviews without deference. Id. Where reasonable minds could differ on the issue of substantial similarity, however, summary judgment is improper. Cavalier v. Random House, Inc., 297 F.3d 815, 822 (9th Cir. 2002).

In patent infringement suits involving the grant of a motion for summary judgment, the law enunciated in Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) governs. This court reviews those determinations without deference. Golan v. Pingel Enter., Inc., 310 F.3d 1360, 1367 (Fed. Cir. 2002). An appellate court does not review a district court's "findings" of fact underlying summary judgment under the clearly erroneous standard of Rule 52. Avia Group Intern., Inc. v. L.A. Gear California, Inc., 853 F.2d 1557, 1561 (Fed. Cir. 1988). To overturn a summary judgment, the non-movant need only show that one or more of the facts on which the district court relied was "genuinely in dispute," as that phrase is interpreted in Anderson, and was material to the judgment. Avia, 853 F.2d at 1561-62 (citing Anderson, 477 U.S. at 248).

III.

Copyright Infringement

To prevail on a copyright infringement claim in the Ninth Circuit, a plaintiff must establish ownership and unauthorized copying of protected expression. Data East USA, Inc. v. Epyx, Inc., 862 F.2d 204, 206 (9th Cir. 1988). Copying

requires evidence that a defendant literally copied the designs or, alternatively, that a defendant had access to the protected designs before creating the accused designs with an additional showing of "substantial similarity not only of the general ideas but of the expression of those ideas as well." Shaw v. Lindheim, 919 F.2d 1353, 1356 (9th Cir. 1990). The parties do not disagree that Amini owns the disputed copyrights and that they are valid. The parties also do not dispute the catalogue of standard ornamental woodwork features which, according to the trial court, make up the protected "carved ornamental woodwork." These features include a lion's paw, ball, reeds, leaf-and-flower motifs, foliate scrolls, C- and S-shaped scrolls, a serpentine decoration, a seashell motif, laurel wreaths, an iron-canopy rail, beads, and moldings. The accused furniture also has these features. The parties dispute, however, Mr. Chang's access to the protected work as well as the degree of similarity between the protected designs and the accused designs.

Access

The import of a defendant's access to the disputed designs is governed, in the Ninth Circuit, by an inverse-ratio rule that allows "a lesser showing of substantial similarity if there is a strong showing of access." Three Boys Music Corp. v. Bolton, 212 F.3d 477, 486 (9th Cir. 2000). Access may be inferred from circumstantial evidence, and may be shown by at least a "reasonable," beyond a "bare," possibility that the defendant viewed the protected work. Id. at 482. A wide dissemination of the protected works leads to a reasonable possibility of access. Id.

05-1159                                    4

The record does not conclusively resolve the question of the access of Mr. Chang, Anthony's designer, to the protected work before the creation of the Anthony products. Specifically, the record includes a disputed translation from Chinese of Mr. Chang's deposition, as well as evidence that Amini displayed its designs at furniture trade shows which Mr. Chang attended. The record does not evince an analysis of this access evidence. Instead, the trial court apparently based its finding of access on Mr. Chang's deposition testimony that neither he nor Anthony made any effort to determine if their designs violated intellectual property rights. Mr. Chang's deposition did not give any other hints about Anthony's access to the protected designs. On the basis of this evidence, without more, a strong showing of substantial similarity is required to prove infringement in this case, i.e., one approaching "striking" similarity. Id. at 485.

Similarity

In assessing copyright infringement, a court must first distinguish protectable expression from unprotectable design elements. Johnson Controls, Inc. v. Phoenix Control Sys., Inc., 886 F.2d 1173, 1175 (9th Cir. 1989). Copyright protects only expression of ideas, not ideas themselves. See Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1507 (9th Cir. 1987). In this case, the trial court construed the protectable expression in the copyright registrations to be the "carved ornamental woodwork," not the furniture designs as a whole. In other words, the trial court correctly applied the Ninth Circuit standard that a purely utilitarian article — such as bedroom furniture — receives no protection. On the other hand, "if the shape of a utilitarian article incorporates features, such

as artistic sculpture, carving, or pictorial representation, which can be identified separately and are capable of existence independently as a work of art, such features will be eligible for registration." Fabrica Inc. v. El Dorado Corp., 697 F.2d 890, 893 (9th Cir. 1983). Thus, the trial court correctly accorded protection to the expressive ornamental carvings on the furniture, but not the furniture pieces as a whole.

After identifying the protectable features, the trial court turned to the assessment of similarity. The Ninth Circuit uses a two-part analysis--an "extrinsic test" and an "intrinsic test"--to determine whether two works are substantially similar. Id. The "extrinsic test" is an objective comparison of specific expressive elements. Cavalier, 297 F.3d at 822 (citing Shaw, 919 F.2d at 1356). Thus, the objective-extrinsic test determines whether two works "share a similarity of ideas and expression as measured by external, objective criteria." Swirsky v. Carey, 376 F.3d 841, 845 (9th Cir. 2004). The objective-extrinsic test requires "analytical dissection of a work and expert testimony." Three Boys, 212 F.3d at 485. It assesses specific criteria including "the type of artwork involved, the materials used, the subject matter, and the setting for the subject." Shaw, 919 F.2d at 1356.

The "intrinsic test" is a subjective comparison that focuses on whether the ordinary reasonable audience would find the works substantially similar in the "the total concept and feel of the works." Cavalier v. Random House, Inc., 297 F.3d 815, 822 (9th Cir. 2002). Once the extrinsic test is satisfied, the factfinder applies the intrinsic test. Three Boys, 212 F.3d at 485. Therefore, "[f]or the

purposes of summary judgment, only the extrinsic test is important because the subjective question whether works are intrinsically similar must be left to the jury." Swirsky, 376 F.3d at 845; accord Shaw, 919 F.2d at 1355-56 (observing that summary judgment is not highly favored on questions of substantial similarity in copyright cases).

In this case, the trial court erred in expanding its application of the "extrinsic" part of the infringement test to encompass an examination of "the total concept and feel of the works." Thus, the trial court mistakenly expanded the extrinsic elements of the infringement test to encompass the intrinsic elements as well. The trial court's error is significant because on summary judgment the Ninth Circuit places the extrinsic part of the infringement test within the court's purview, but disfavors application of the subjective-intrinsic part.

In applying the extrinsic test, the district court opined that the ornamental features, themselves not original, also did not exhibit an original "selection and arrangement." Whether a feature is original falls reasonably within the district court's role of assessing the extrinsic prong of infringement on summary judgment, and we see no error in this assessment. However, the trial court then proceeded to examine, on summary judgment, the fact intensive question of the total concept and feel of the carvings in the furniture. The court's conclusion appears to be based primarily on its own visual inspection. Thus, the court itself performed the intrinsic test.

In addition, to reach its conclusion on summary judgment, the trial court must have deduced that no "reasonable jury" could reach a different decision.

See Freedman Seating Co. v. Am. Seating Co., 420 F.3d 1350, 1356 (Fed. Cir. 2005). This court finds that a reasonable jury could conclude that at least some of the accused designs satisfy the heightened showing of substantial similarity thus far required in this case. This disagreement weighs in favor of reversing the trial court's grant of summary judgment. See Twentieth Century-Fox Film Corp. v. MCA, Inc., 715 F.2d 1327, 1329-30 (9th Cir. 1983) (reversing a grant of summary judgment because reasonable minds could differ on the question of substantial similarity). For instance, the protected design uses a unique lion's paw with five toes; the accused design incorporates a near-copy of this whimsical device, including the anatomically incorrect presentation of the toes. In some cases, the legs rising from the lion's paws in both products are themselves decorated with similar reed and scroll motifs. Headboards in both the protected and accused designs have a virtually identical serpentine shape, are decorated with moldings of identical shape and placement, and flourish similar bedposts with scrollwork embellishing spherical bases. Vertical decorations in some of the protected and accused products both use a motif of bundled reeds. Furthermore, it is well settled that a jury may even find a combination of unprotectible elements to be protectible under the extrinsic test because " 'the over-all impact and effect indicate substantial appropriation.' " Three Boys, 212 F.3d at 485. In sum, this court perceives that a consideration of these facts by a jury could reveal a variety of opinions on the question of infringement. This court cannot agree that no reasonable jury could find infringement on this record.

IV

Design Patent Infringement

"A design patent protects the non-functional aspects of an ornamental design as seen as a whole and as shown in the patent." KeyStone Retaining Wall Sys., Inc. v. Westrock, Inc., 997 F.2d 1444, 1450 (Fed. Cir. 1993). An aspect is functional "if it is essential to the use or purpose of the article or if it affects the cost or quality of the article." Inwood Labs., Inc. v. Ives Labs., Inc., 456 U.S. 844, 851 (1982). It is the drawings in the patent, not just one feature of the claimed design, that define the patented design. KeyStone, 997 F.2d at 1450. An ordinary observer test governs design patent infringement: "[If] in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." Gorham Co. v. White, 81 U.S. 511, 528 (1871). In addition, the accused design must appropriate the novel ornamental features of the patented design that distinguish it from the prior art. Oakley, Inc. v. Int'l Tropic-Cal, Inc., 923 F.2d 167, 169 (Fed. Cir. 1991).

Claim Construction

The '218 patent claims "[t]he ornamental design for a bed frame, as shown and described." Under the KeyStone standard, the claim extends to the overall design of the bed frame. 997 F.2d at 1450. If a design includes both functional and ornamental features, infringement occurs if an ordinary person "would be deceived by reason of the common features in the claimed and accused designs which are ornamental." Read Corp. v. Portec, Inc., 970 F.2d 816, 825 (Fed. Cir.

1992).   It is noteworthy, however, that the deception that arises is a result of similarities in the overall design, not of similarities in ornamental features considered in isolation.  See, e.g., KeyStone, 997 F.2d at 1450 ; see also In re Lapworth, 59 C.C.P.A. 738, 740 (1971) ("It is distinctiveness in overall appearance of an object, when compared with the prior art, rather than minute details or small variations in configuration . . . that constitutes the test of design patentability.")  Here, the trial court perhaps focused too narrowly on the isolated ornamental features, namely "the ornamental wood carvings shown in the application."  The trial court specifically noted that "[e]ach of the patent's seven drawing figures show[s] the designs of certain portions of the bed frame."  While literally true, that statement overlooks that the claimed drawing on the face of the '218 patent and three of the drawings in the patent itself are views of the bed as a whole, two are views of the entire headboard, and two illustrate entire leg-post assemblies.  These drawings incorporate almost all of the design features catalogued by the trial court.  These patent drawings show the complete bed frame with many ornamental features.  These drawings affirm that it is the overall "bed frame" that is patented — not just the details of its ornamentation.

## Infringement

The trial court decided that no reasonable jury could find infringement of Amini's design patent, pointing out only that "[t]he claimed design has four hollow metal orb and bed posts which are absent in the accused bed frame," and that plaintiff "failed to proffer evidence showing that the resemblance of the feet . . .

will induce a purchaser to buy the accused product supposing it to be the [patented] bed frame."

At the outset, this court perceives again that conclusions about reasonable jurors are difficult to make on an issue of this factual dimension. See Bernhardt, L.L.C. v. Collezione Europa USA, Inc., 386 F.3d 1371, 1383 (Fed. Cir. 2004) ("Both the ordinary observer and point of novelty tests are factual inquiries that are undertaken by the fact finder during the infringement stage of proceedings, after the claim has been construed by the court."). More important, however, this court perceives a procedural error. Specifically, as noted above, the trial court mistakenly analyzed each element separately instead of analyzing the design as a whole from the perspective of an ordinary observer. The trial court is correct to factor out the functional aspects of various design elements, but that discounting of functional elements must not convert the overall infringement test to an element-by-element comparison. Thus, the trial court erred in its application of the "overall similarity" test on summary judgment. This court cannot agree on this record that "no reasonable jury could find that the designs of these two pieces of furniture are substantially similar."

Novelty

With respect to the points of novelty test, Amini has not yet introduced sufficient evidence to establish with particularity its points of novelty. On remand, in addition to the evidence on record, Amini "must introduce . . . at a minimum . . . [the] prosecution history [for the '218 patent], and the relevant prior art references cited in the prosecution history; and must present, in some form, its contentions

as to points of novelty." Id. at 1384. Moreover, Amini may find it advantageous "to present additional evidence, such as expert testimony, to assist the fact finder in understanding its contentions pertaining to the points of novelty." Id.

## Conclusion

Because the trial court mistakenly applied both the extrinsic and intrinsic tests for substantial similarity in copyright infringement, and an element-by-element test for design patent infringement, this court reverses the grants of summary judgment of non-infringement and remands for further proceedings as appropriate.

## COSTS

Each party shall bear its own costs.

## REVERSE and REMAND