NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

06-1096, -1129

AMINI INNOVATION CORPORATION,

Plaintiff-Appellant,

v.

ANTHONY CALIFORNIA, INC.
and JAMES CHANG,

Defendants-Cross Appellants.

Daniel M. Cislo, Cislo & Thomas LLP, of Santa Monica, California, argued for plaintiff-appellant. With him on the brief were Mark D. Nielsen, and Kelly W. Cunningham.

Ronald Mark St. Marie, Chan Law Group LLP, of Los Angeles, California, for defendants-cross appellants. With him on the brief were Thomas T. Chan, and Lisa A. Karczewski.

Appealed from: United States District Court for the Central District of California

Judge S. James Otero

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

06-1096, -1129

AMINI INNOVATION CORPORATION,

Plaintiff-Appellant,

v.

ANTHONY CALIFORNIA, INC.
and JAMES CHANG,

Defendants-Cross Appellants.

———————————————

DECIDED: January 8, 2007

———————————————

Before LOURIE, RADER, and SCHALL, <u>Circuit Judges</u>.

SCHALL, <u>Circuit Judge</u>.

## DECISION

Amini Innovation Corp. ("Amini") sued Anthony California, Inc. and James Chang (collectively, "Anthony") in the United States District Court for the Central District of California, alleging infringement of its United States Design Patent No. D488,936 (the "'936 patent"). Anthony denied infringement and asserted the affirmative defenses of (1) invalidity by reason of indefiniteness; (ii) invalidity for failure to name all of the joint inventors; and (iii) unenforceability by reason of inequitable conduct before the United

States Patent and Trademark Office. The district court granted Anthony's motion for summary judgment of non-infringement and entered judgment accordingly. <u>Amini Innovation Corp. v. Anthony Cal., Inc.</u>, No. CV 04-9369 (C.D. Cal. Oct. 13, 2005). Anthony also moved for summary judgment on its affirmative defenses. The district court denied the motion without entry of judgment, in part apparently because it perceived disputed issues of material fact. Because we conclude that there are genuine issues of material fact as to whether Anthony's accused product infringes the '936 patent, we reverse the grant of summary judgment and remand the case to the district court for further proceedings.[1]

## DISCUSSION

### I.

Amini's patented design is a dresser with a center cupboard, a center drawer over the cupboard, four drawers on each side of the center cupboard and drawer, and an attached mirror. The design includes stylistic characteristics such as (1) a shaped mirror frame, (2) scrollwork at the apex of the mirror and around the perimeter of the mirror, (3) a shaped bottom portion of the dresser ("apron") with scroll work along the apron, (4) banded carvings underneath the top of the dresser, (5) shaped legs with scrollwork along the length of each leg, ending at and including a knob-like structure, (6) rear lion's paw feet at the end of the rear legs, and (7) front five-toed lion's paw feet at the end of the front legs. A side profile of the dresser presents a simple rectangular

---

[1]    At oral argument, counsel for Amini acknowledged that Anthony's affirmative defenses had not been resolved on summary judgment and that, if we reversed the district court's grant of summary judgment of non-infringement, Anthony would be able to assert those defenses on remand.

side panel and a bracketed scroll along the bottom side of the apron connecting the front and back feet. The top of the dresser is shaped and has a corresponding shaped marble insert. Anthony's accused design is a dresser with a center cupboard, four drawers on each side of the center cupboard and drawer, and an attached mirror. The accused dresser includes stylistic characteristics similar to Amini's patented design.

## II.

"A design patent protects the non-functional aspects of an ornamental design as seen as a whole and as shown in the patent." Keystone Retaining Wall Sys., Inc. v. Westrock, Inc., 997 F.2d 1444, 1450 (Fed. Cir. 1993). In a recent suit between the same parties, we explained that:

> An ordinary observer test governs design patent infringement: "[If] in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive an ordinary observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." Gorham Co. v. White, 14 Wall. 511, 81 U.S. 511, 528 (1871). In addition, the accused design must appropriate the novel ornamental features of the patented design that distinguish it from the prior art. Oakley, Inc. v. Int'l Tropic-Cal, Inc., 923 F.2d 167, 169 (Fed. Cir. 1991).

Amini Innovation Corp. v. Anthony Cal., Inc., 439 F.3d 1365, 1371 (Fed. Cir. 2006) (alteration in original). With respect to the '936 patent, the district court found that:

> Here, the patented design includes, but is not limited to, the following ornamental features: (1) a reverse curve of the bottom rail of the mirror in elevation that creates a void between the mirror and dresser; (2) a medial carved rail that divides the dresser doors (i.e., cupboard), which have a flat profile on the upper panels thereof, such that the doors have two separate, floating raised panels in each door with a reverse-curve foliate scrolls carved in the rail that separates the upper and lower panels in each door; and (3) a central drawer over the dresser cupboard.

Amini, slip op. at 6. In granting summary judgment of non-infringement, the district court found it significant that the three noted elements are missing from Anthony's

accused design.  It thus held that Anthony's design could not be found to meet the requirements of the ordinary observer test.  Id.  The district court further found that Amini had failed to offer sufficient evidence that the ordinary observer test would be met because Amini had not "submit[ted] evidence showing that an ordinary observer would buy the accused product believing it to be the patented piece."  Id. at 7.  The district court—relying on Amini's expert's statement that the dresser design was influenced by, and incorporated, classic elements used in furniture design—also found that Amini failed to "offer evidence that any of its ornamental designs are novel."  Id.  Presumably, in the view of the district court, this made it impossible for Anthony to "appropriate the novel ornamental features of the patented design that distinguished it from the prior art," since there were no such novel ornamental features.

### III.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Cartrett, 477 U.S. 317, 322 (1986).  This court reviews the grant of summary judgment by the district court de novo.  Contessa Food Prods., Inc. v. Conagra Inc., 282 F.3d 1370, 1376 (Fed. Cir. 2002).  We agree with Amini that the district court erred in granting summary judgment because under the correct infringement analysis there are genuine issues of material fact.

As noted, in applying the ordinary observer test, the district court focused on three specific features of the patented design.  According to the district court, because these features were not present in the design of the accused Anthony product, the Anthony product did not infringe the '936 patent.  In its approach, however, the district

court mistakenly analyzed each design element of the dresser individually instead of analyzing the design as a whole from the perspective of an ordinary observer. See Contessa, 282 F.3d at 1379 (explaining that the patented and accused designs do not have to be identical in order for design patent infringement to be found and that what is controlling is the appearance of the design as a whole in comparison to the accused product). The district court's analysis is akin to the "element-by-element comparison" criticized in Amini, 439 F.3d at 1372. Comparing the overall visual appearance of Amini's dresser with Anthony's dresser, we are not prepared to say that a jury could not reasonably conclude that Anthony's accused design is similar enough in ornamental appearance to Amini's design that an ordinary observer would be likely to purchase one dresser thinking it was the other.

Additionally, we think that the district court erred in finding Amini's evidence insufficient to prove infringement. Amini provided the '986 patent and photographs of the accused dresser. This was sufficient to raise a genuine issue of material fact as to whether an ordinary observer would be likely to purchase one dresser thinking it was the other. See Braun Inc. v. Dynamics Corp. of Am., 975 F.2d 815, 820 (Fed. Cir. 1992) (finding that substantial evidence supported jury's finding of infringement when the only evidence of record was the patent's design and the patented and accused products themselves).[2]

---

[2]    Amini also offered testimonial evidence of actual confusion between the two pieces of furniture by an Amini sales representative. Evidence that an ordinary observer has actually been deceived by an accused design is not necessary to a finding of infringement because a panel of jurors is a panel of ordinary observers capable of making factual determinations as to whether they would be deceived. See Braun, 975 F.2d at 821. However, the unrebutted testimony of actual confusion may be evidence

Finally, we think that the district court also erred in finding on summary judgment that Amini's invention lacked novelty.  In its opposition to summary judgment, Amini provided the '936 patent, its prosecution history, the cited prior art, and specific contentions as to the asserted points of novelty of the '936 patent and how the accused dresser appropriated the novel features of the dresser design.  This was sufficient to raise a genuine issue of material fact as to novelty.  See, e.g., Bernhardt, L.L.C. v. Collezione Europa USA, 386 F.3d 1371, 1384 (Fed. Cir. 2004) ("[W]hen the points of novelty can be discerned from the patent, its prosecution history, the cited prior art, and the patentee's contentions, any additional evidence, such as expert testimony, is not necessary to establish the points of novelty.").

In finding that the patented design lacked novel features, the district court relied on Amini's expert's statement that the dresser design was influenced by, and incorporated, classic elements used in furniture design.  Amini, slip op. at 7–8. However, a furniture design feature may be influenced by an existing style yet still be a novel interpretation of that style.  For example, Amini identified the five-toed lion's paw feet as a novel feature of the dresser.   The district court stated that the five-toed lion's paw was not novel because "most cats have five toes on each forepaw, so the idea of a five-towed paw is not original." Id. at 7.  The proper inquiry is not whether cats have five toes, but rather whether lion's paw feet on furniture typically have five forward facing toes as in Amini's patented design.  Notably, the prior art pictures in the record show

---

(Cont'd. . . .)
from which a jury might reasonably conclude that an accused product meets the ordinary observer test.  The parties dispute whether a sales representative qualifies as an "ordinary observer."  This issue is not decided on appeal.

lion's-paw feet having four toes or less.[3]  In short, there is a genuine issue of material fact regarding whether the patented design includes novel ornamental features that were appropriated by Anthony's accused design; the district court's decision on summary judgment that there were no novel features in the patented design was in error.

III.

For the reasons set forth above, we reverse the grant of summary judgment of noninfringement and remand the case to the district court for further proceedings.  On remand, Anthony will be able to assert its affirmative defenses, with respect to which its motion for summary judgment was denied by the district court.

No costs

---

[3]  We note that we recognized the novelty of the five-toed lion's paw in Amini.  See 439 F.3d at 1370 ("[T]he protected design used a unique lion's paw with five toes; the accused design incorporates a near-copy of this whimsical device, including the anatomically incorrect presentation of the toes.").