NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1090

OREN TAVORY,

Plaintiff-Appellant,

v.

NTP, INC.,

Defendant-Appellee.

G. Donovan Conwell, Jr., Conwell Kirkpatrick, P.A., of Tampa Florida, argued for plaintiff-appellant.

Kevin P. Anderson, Wiley Rein LLP, of Washington, DC, argued for defendant-appellee.  With him on the brief was James H. Wallace, Jr.  Of counsel were John B. Wyss and Robert J. Scheffel.

Appealed from:  United States District Court for the Eastern District of Virginia

Chief Judge James R. Spencer

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1090

OREN TAVORY,

Plaintiff-Appellant,

v.

NTP, INC.,

Defendant-Appellee.

Appeal from the United States District Court for the Eastern District of Virginia in case no. 3:06-CV-628, Chief Judge James R. Spencer.

_____

DECIDED: October 28, 2008

_____

Before MICHEL, <u>Chief Judge</u>, NEWMAN and BRYSON, <u>Circuit Judges</u>.

MICHEL, <u>Chief Judge</u>.

Plaintiff-Appellant Oren Tavory appeals from the district court's award of attorneys' fees under 17 U.S.C. § 505, which was based on the court's earlier holding that defects in Tavory's copyright registration divested the court of subject matter jurisdiction over his copyright infringement claim. Because we hold that the district court's holding regarding Tavory's copyright registration materially altered the legal relationship between Tavory and Defendant-Appellee NTP, Inc., and the district court

did not abuse its discretion in determining that a fees award was appropriate in the amount of $36,899.57, we affirm.

## I.    BACKGROUND

The facts of this case are set out in detail in our opinion in Tavory v. NTP, Inc., No. 2007-1130, slip op. at 2-5 (Fed. Cir. Oct. 27, 2008).  We do not repeat them all here but only relate those facts relevant to the disposition of this appeal.

In 1991, Tavory participated in writing certain software for Telefind, a company that operated a nationwide pager network.  The software was written as part of a joint project between Telefind and ESA, an engineering consulting firm whose president, Tom Campana, was also an executive at Telefind.  The project sought to develop a system for AT&T whereby the system could take e-mail from a conventional e-mail system, transmit it wirelessly to a pager via the Telefind network, and then transfer the e-mail from the pager to a laptop computer for easier viewing.  Tavory was involved as a programmer for this project, as were Mike Ponschke and Gary Thelen, two programmers at ESA.

Although the project for AT&T was ultimately a failure, Campana and his ESA colleagues eventually filed and received patents on the technology they developed for the project.  Tavory was not listed as a co-inventor.  Included in the patent applications was a copy of software code that Tavory had helped write.  Campana founded a new company, NTP, and the patents were assigned to NTP.  NTP then filed a high-profile patent infringement suit against Research in Motion ("RIM"), which ultimately reached this court on appeal.  See NTP, Inc. v. Research in Motion, Ltd., 418 F.3d 1282 (Fed. Cir. 2005).  As part of that litigation, in 2002, Tavory was deposed as a witness for NTP.

He did not make any claims of copyright infringement by NTP at that time. RIM ultimately elected to settle the case with NTP and paid $612.5 million for a license to NTP's patents.

In September 2006, less than a year after the RIM settlement, Tavory filed the present suit seeking: (1) correction of inventorship to add Tavory as a co-inventor to each of the patents at issue, (2) copyright infringement as to the software Tavory had allegedly written as part of the AT&T project, and (3) unjust enrichment. The district court ultimately dismissed the unjust enrichment claim. See Tavory v. NTP, Inc., 495 F. Supp. 2d 531, 533 (E.D. Va. 2007). Upon NTP's motion for summary judgment on the inventorship and copyright claims, the court ruled in favor of NTP and awarded summary judgment. Id. at 541. Regarding the copyright infringement claim, the court held that Tavory's copyright registration was defective because the purported copy of his software that he deposited with the Copyright Office was not a bona fide copy of Tavory's original software. Id. at 535-37. As a result, the district court held that it lacked jurisdiction over the copyright infringement claim. Id. at 536-37. The court also held, in the alternative, that NTP was entitled to judgment on the copyright claim under the doctrines of equitable estoppel, judicial estoppel, laches, and fair use. Id. at 537-39. Tavory did not appeal the portion of the district court's summary judgment order relating to his copyright claim.

On October 9, 2007, the district court granted in part NTP's motion for attorneys' fees, awarding fees on Tavory's dismissed copyright claim under 17 U.S.C. § 505 but denying fees on Tavory's inventorship claims. Tavory v. NTP, Inc., 2007 WL 2965048 (E.D. Va. 2007). The court weighed the four factors prescribed in Rosciszewski v. Arete

<u>Associates</u>, 1 F.3d 225, 234 (4th Cir. 1993), and awarded $36,899.57 to NTP, less than 12% of the amount requested. Tavory moved to vacate the award, arguing that NTP was not a "prevailing party" because the claim was dismissed for lack of subject matter jurisdiction. On December 3, 2007, the district court denied Tavory's motion and upheld its award of fees, holding that NTP was a prevailing party. Tavory timely appealed to this court. Because Tavory's suit was based in part on 28 U.S.C. § 1338(a), we have jurisdiction over this appeal under 28 U.S.C. § 1295(a)(1).

## II.    DISCUSSION

On issues of copyright law, we apply the law of the regional circuit. <u>Amini Innovation Corp. v. Anthony Cal., Inc.</u>, 439 F.3d 1365, 1368 (Fed. Cir. 2006). In the Fourth Circuit, an award of attorneys' fees under 17 U.S.C. § 505 is reviewed for an abuse of discretion. <u>Ale House Mgmt., Inc. v. Raleigh Ale House, Inc.</u>, 205 F.3d 137, 144 (4th Cir. 2000).

### A.    "Prevailing Party"

In relevant part, the fees statute of the Copyright Act provides: "[T]he court in its discretion may allow the recovery of full costs [including] a reasonable attorney's fee to the <u>prevailing party</u>." 17 U.S.C. § 505 (emphasis added). The Supreme Court has held that the term "prevailing party," as that term is used in various federal attorney's fees statutes, requires that the party have obtained some kind of relief from the court on the merits of the claim such that a "material alteration of the legal relationship of the parties" has occurred. <u>Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.</u>, 532 U.S. 598, 603-04 (2001). The question then is whether the district court's dismissal here of Tavory's copyright infringement claim was a decision on the merits

that materially altered the legal relationship between Tavory and NTP. We conclude that it did materially alter their legal relationship, and that it rendered NTP the prevailing party within the meaning of § 505 and <u>Buckhannon</u>.

Tavory argues that the district court dismissed his claim because it lacked subject matter jurisdiction[1] and that a dismissal for want of jurisdiction cannot create a "prevailing party" within the meaning of <u>Buckhannon</u>. The district court recognized, as both parties concede, that the circuits appear to be split on whether a dismissal for want of jurisdiction materially alters the legal relationship of the parties. <u>Compare</u> <u>Citizens for a Better Env't v. Steel Co.</u>, 230 F.3d 923, 925-28 (7th Cir. 2000) ("[A] court may lack authority to resolve the merits of a claim yet have jurisdiction to award costs and attorneys' fees to the prevailing party."), <u>with</u> <u>Elwood v. Drescher</u>, 456 F.3d 943, 948 (9th Cir. 2006) ("Where a claim is dismissed for lack of subject matter jurisdiction, the defendant is not a prevailing party . . . ."). The Fourth Circuit has explicitly reserved ruling on this issue; thus, we can discern little guidance from Fourth Circuit precedents. <u>See</u> <u>Wendt v. Leonard</u>, 431 F.3d 410, 414 (4th Cir. 2005).

Many dismissals for want of jurisdiction do not affect the legal relationship of the parties because they are not decisions on the merits of the claim. For example, a district court must dismiss a claim for lack of subject matter jurisdiction when the plaintiff relies on diversity jurisdiction, but her complaint alleges that all parties are citizens of the same state. <u>See</u> 28 U.S.C. § 1332(a). In dismissing the claim, the court has not found any facts, examined any evidence, or decided any issue in the case relating to

---

[1] In the Fourth Circuit, as the district court correctly held, a valid copyright registration is a "jurisdictional prerequisite" to suit, and an invalid registration divests the court of subject matter jurisdiction. <u>Xoom, Inc. v. Imageline, Inc.</u>, 323 F.3d 279, 283 (4th Cir. 2003).

the merits of the claim. The plaintiff may, in most such cases, simply refile the exact same claim in state court and obtain an adjudication.

But some dismissals for want of jurisdiction do effectively alter the legal relationship of the parties. For example, a district court may dismiss a claim for lack of subject matter jurisdiction if it determines that the claim is "essentially fictitious, wholly insubstantial, obviously frivolous, and obviously without merit." Hagans v. Levine, 415 U.S. 528, 537-38 (1974) (internal quotation marks and citations omitted); see also Bell v. Hood, 327 U.S. 678, 682-83 (1946). Such a case may arise when governing precedents have so clearly decided an issue as to "inescapably render the claims frivolous." Hagans, 415 U.S. at 538. While the court is dismissing the claim for want of jurisdiction, it is clearly making a decision on the merits of the claim. No formal preclusion or prejudice may prevent the plaintiff from refiling the same claim elsewhere, but the district court has nonetheless decided that the claim is so deficient on the merits that it cannot ever succeed. As such, that decision materially altered the legal relationship of the parties within the meaning of Buckhannon.

We believe that the dismissal of Tavory's copyright claim in the present case is also a decision on the merits of Tavory's claim such that the legal relationship of the parties was materially altered. Under 17 U.S.C. § 408, Tavory was required to "deliver[] to the Copyright Office . . . one complete copy or phonorecord" of the work he sought to protect in order to obtain a copyright registration. Most circuits have held that the deposit copy must be either an original or "bona fide" copy of the work. See, e.g., Kodadek v. MTV Networks, Inc., 152 F.3d 1209, 1211 (9th Cir. 1998). The district court here found that Tavory's deposit copy was not an original or bona fide copy, and that

Tavory's copyright registration is thus invalid. Tavory, 495 F. Supp. 2d at 535-37.[2] Although the legal consequence of that decision was that the district court had to dismiss the case for want of jurisdiction, the court's decision bore on the merits of Tavory's copyright infringement claim. Tavory alleges that NTP illegally copied the work covered by his copyright registration, namely the work he deposited with the Copyright Office. By finding the deposit copy of that work to be an invalid reconstruction, the court essentially decided that Tavory cannot ever succeed in a copyright infringement claim against NTP based on the work represented in that invalid copy. In our view, this is similar to a Hagans dismissal and also materially alters the legal relationship of the parties. In fact, the dismissal here effects a greater alteration than a Hagans dismissal in that the district court's holding that Tavory's copyright registration is invalid would preclude him from ever asserting it against NTP, or indeed any other party, in the future—Tavory must obtain a new registration with a different (and valid) deposit copy to file another copyright infringement action against NTP for the allegedly infringing acts at issue here.

Therefore, we hold that the district court's dismissal of Tavory's copyright infringement claim was a decision on the merits of the claim that materially altered the

---

[2] The court relied heavily on Tavory's own admission that the deposit copy of his software's code was produced "only by referring to modified versions of the code and redacting those modifications to the best of his recollection in order to create an 'original.'" Tavory, 495 F. Supp. 2d at 536. This admission was made in an affidavit Tavory filed with the court with his opposition to NTP's motion for summary judgment. See J.A. at 972. The affidavit also attached the deposit copy, which the district court also considered. Tavory also gave testimony at a deposition where he gave the same admission. See J.A. at 767-77. And he made the same admission in his briefing to this court. See Appellant's Br. at 9 (admitting that Tavory reconstructed the code he wrote by copying from a later version of the software and omitting those portions "that w[ere] added after the original source code was created").

legal relationship between the parties.[3]  As a result, we affirm the district court's holding that NTP was the prevailing party within the meaning of § 505.

## B.    Determination of the Fees Award

Tavory also argues that the district court abused its discretion in its determination of the amount of fees awarded to NTP by failing to correctly apply the applicable tests. In the Fourth Circuit, the district court must first evaluate whether an attorney's fees award is justified under the four-factor test in Rosciszewski by weighing:  (1) the motivation of the parties, (2) the objective reasonableness of the legal and factual positions advanced, (3) considerations of compensation and deterrence, and (4) any other relevant factor.  1 F.3d at 234.

The district court here addressed each of these prongs separately.  It found that Tavory was motivated to mislead the court, namely by suing based on a facially inadequate copyright registration and providing misleading discovery responses regarding that registration.  The district court then found that Tavory's legal and factual positions on his copyright claim were generally meritless and objectively unreasonable because he knowingly filed a reconstruction rather than a bona fide copy of his software with the Copyright Office and deliberately hid its true nature.  The district court also

---

[3]      We acknowledge that the First Circuit came to the opposite conclusion in Torres-Negron v. J&N Records, LLC, 504 F.3d 151, 164-65 (1st Cir. 2007).  There, the First Circuit held that the district court's grant of judgment as a matter of law did not confer prevailing party status when it was based on the holding that the court lacked subject matter jurisdiction over a copyright infringement claim because of a defective registration.  Id.  It held that a party cannot be a prevailing party if "it has not received a judgment on the merits."  Id. (emphasis added).  We are not persuaded by the brief treatment of the issue given in Torres-Negron and decline to follow it.  Further, we note that the Buckhannon Court indicated that dispositions other than judgments on the merits could also confer prevailing party status.  See Buckhannon, 532 U.S. at 604 ("In addition to judgments on the merits, we have held that settlement agreements enforced through a consent decree may serve as a basis for an award of attorney's fees.").

found that his positions were weak because Tavory largely sought to recover for NTP's copying for the purposes of the RIM litigation, which the court held was clearly fair use. The district court found that the compensation and deterrence prong did not support awarding fees, but the court held that its findings on the first two prongs and the additional fact that NTP prevailed on every claim raised by Tavory in the case strongly supported a fees award.

Tavory argues this analysis was an abuse of discretion for four major reasons. First, he argues that his discovery responses were not misleading because his indication that he had documents from 1991 "evinc[ing]" the copy of the software he used for his registration was technically correct since he reconstructed the code partly based on a 1991 fax. But even if his answers were not technically false, the district court focused on the overall misleading nature of his case and found his answers misleading in that context. We are not persuaded this was incorrect. Second, Tavory argues that his registration was valid or close enough to demonstrate good faith because the Copyright Office now permits the use of later versions of software if given special dispensation. But not only was this procedure not available when he filed his copyright claim (thus belying good faith), he has not established why or how he would have won this special dispensation. Third, Tavory argues that his infringement claims were meritorious because NTP's copying of his software for the RIM litigation was not fair use and because he also sought relief for other copying activities unrelated to litigation. But he cites no authority that has held copying for litigation under a protective

order is a copyright violation or not fair use,[4] and he does not specify what those non-litigation activities were. Lastly, he argues that the district court erred by weighing as a factor the fact that NTP prevailed in the lawsuit generally. Even were we to agree with this last argument, Tavory has clearly failed to establish that the district court abused its discretion in its overall determination that fees were warranted under Rosciszewski.

After determining fees are appropriate under Rosciszewski, the district court must then consider the twelve factors outlined in Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978), to determine the amount of the award. The district court here provided a relatively brief but specific description of its fact-finding as to these factors. It did not make express findings as to every factor. It concluded that most of the fees sought were speculative and awarded $36,899.57 out of the $323,756 sought by NTP.

Tavory raises two sets of objections to the district court's determination of the award amount. He first argues that the district court erred by not making findings as to each and every Barber factor. His only support for such a rule is the statement in Rosciszewski that a district court "must make specific findings on each of the factors set forth in Barber." 1 F.3d at 234 n.8. This statement, however, is unquestionably dicta. Further, Barber itself holds that "any award must be accompanied by detailed findings of fact with regard to the factors considered." 577 F.2d at 226 (emphasis added). Logically then, no detailed findings are required as to the factors not considered. Further, it is illogical to require district courts to mechanically address every factor when

<hr />

<span>      [4]    His authorities, inter alia, only hold that fair use must be decided on a case-by-case basis and that per se rules are generally improper. See, e.g., Sony Corp. of Am. v. Universal City Studios, 464 U.S. 417, 448 (1984).</span>

many clearly do not apply at all—for example, the tenth factor is "the undesirability of the case within the legal community in which the suit arose." Id. at 226 n.28. That factor is not relevant here. Barber was not a copyright case, and the Fourth Circuit applies the Barber factors to a wide variety of fee awards; clearly, different types of cases and different factual scenarios will implicate different combinations of the twelve factors. Thus, we do not consider the district court's failure to make detailed findings as to all twelve Barber factors an abuse of discretion.

Tavory next argues that the findings that the district court did make were not supported in the record. He first complains that NTP never provided sufficient evidence to demonstrate that the "standard rates" it listed in its documentation were actually standard market rates. But the very case he cites eviscerates his argument. In Spell v. McDaniel, the Fourth Circuit upheld a fees award in which the district court had to "substitute its personal knowledge and experiences in lieu of substantive evidence" to determine if the sought fees were reasonable. 824 F.2d 1380, 1402-03 (4th Cir. 1987). The district court here did the same. Tavory also relies on E.E.O.C. v. Service News Co., but there the district court erred by not making particularized findings as to any specific factors and by not doing a Barber analysis. Serv. News, 898 F.2d 958, 965 (4th Cir. 1990). That is hardly the case here. Tavory's best argument is that the time records submitted by NTP entirely redacted the narratives for the time entries so it is impossible to know whether the billed time was "reasonably expended." See Daly v. Hill, 790 F.2d 1071, 1079 (4th Cir. 1986). Although this argument is well-taken, the district court denied most of the fees sought by NTP and instead awarded less than

12% of them for a total of merely $36,900. It can hardly be said that this award is unreasonable, particularly when reviewed under an abuse of discretion standard.

## CONCLUSION

For the reasons provided above, the district court's award of attorneys' fees under 17 U.S.C. § 505 is affirmed.