NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**3M COMPANY and
3M INNOVATIVE PROPERTIES COMPANY,**
*Plaintiffs-Appellees,*

**v.**

**PRADEEP MOHAN,**
*Defendant-Appellant.*

_____

2011-1328

_____

Appeal from the United States District Court for the District of Minnesota in Case No. 09-CV-1413, Judge Ann D. Montgomery.

_____

Decided: May 29, 2012

_____

ALLEN W. HINDERAKE, Merchant & Gould, P.C., of Minneapolis, Minnesota, for plaintiffs-appellees. Of counsel on the brief was HILDY BOWBEER, 3M Innovative Properties Company, of St. Paul, Minnesota.

PRADEEP MOHAN, Santa Cruz, California, pro se.

_____

Before RADER, *Chief Judge*, LOURIE and REYNA, *Circuit Judges*.

RADER, *Chief Judge*.

Defendant-Appellant Pradeep Mohan ("Mohan") appeals the district court's grant of partial summary judgment, finding of trademark infringement, and award of attorneys' fees and costs in favor of Plaintiffs-Appellees 3M Company and 3M Innovative Properties Company (collectively "3M"). Because this court finds no error in the decision of the district court, this court affirms.

I

Before the district court, 3M alleged trademark infringement, counterfeiting, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, related state law causes of action, and patent infringement of U.S. Patent No. 5,449,865 ("the '865 patent"). 3M manufactures and sells stethoscopes under and in association with the following marks: LITTMANN, LITTMANN QUALITY Stylized L, Stylized L, CARDIOLOGY III, MASTER CARDIOLOGY, 3M, and MASTER CARDIOLOGY configuration mark. The '865 patent is titled "Ear Tips Having Molded-In Recesses for Attachment to a Stethoscope," which is assigned to 3M Company.

3M alleged that Mohan was doing business under the names "Kila Labs" and "Lauteen Stethoscopes," that he sold stethoscopes which infringed both the '865 patent and 3M's trademarks, and that he sold these stethoscopes over the Internet via the following websites: kila.com, amazon.com, cardioglobal.com, and eBay.com. As of October 31, 2008, Mohan's Kila Labs website contained images and words that were either identical to or similar to the following trademarks owned by 3M: 1) the 3M

Corporate logo; 2) the LITTMANN word mark; 3) the LITTMANN QUALITY Stylized L; 4) the CARDIOLOGY III word mark; and 5) the MASTER CARDIOLOGY configuration mark. 3M also argued that the intentional nature of Mohan's actions caused this to be an "exceptional case" warranting award of attorneys' fees under 15 U.S.C. § 1117(a). 3M initially sought preliminary and permanent injunctions of Mohan, statutory damages, lost profits, and pre-judgment interest under 28 U.S.C. § 1961. Mohan counterclaimed, alleging tortious interference with contract, deceptive trade practices, unfair competition, and antitrust violations. Mohan subsequently withdrew his antitrust counterclaim.

3M moved for a partial summary judgment that (i) the '865 patent was not invalid; (ii) Mohan infringed claims 8, 9 and 12 of the '865 patent; and (iii) Mohan's counterclaims be dismissed. Mohan moved for partial summary judgment that 3M's MASTER CARDIOLOGY and CARDIOLOGY III marks were invalid.

The district court granted 3M's partial summary judgment motion and denied Mohan's motion. *3M Co. v. Mohan* ("*3M I*"), No. 09-cv-01413, 2010 WL 3200052, at *3 (D. Minn. Aug. 9, 2010). The district court then held a four-day bench trial on the remaining issues of trademark infringement, permanent injunction, and attorneys' fees. The district court concluded that Mohan had engaged in willful and deliberate infringement of 3M's trademarks, that a permanent injunction was warranted, and that this was an exceptional case justifying the award of 3M's attorneys' fees. *3M Co. v. Mohan* ("*3M II*"), No. 09-cv-01413, 2010 WL 5095676, at *1 (D. Minn. Nov. 24, 2010). On January 19, 2011, the district court denied Mohan's motion for a new trial.

Mohan filed a timely appeal before this court concerning (i) whether the district court erred in rendering summary judgment, (ii) whether his right to a jury trial was violated, (iii) whether the district court erred in finding Mohan infringed 3M's trademarks, and (iv) whether the district court erred in its determination that the action was "exceptional". This court has jurisdiction under 28 U.S.C. § 1295(a)(1).

II

This court reviews the district court's grant of partial summary judgment without deference. *Int'l Visual Corp. v. Crown Metal Mfg. Co.*, 991 F.2d 768, 770 (Fed. Cir. 1993). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (as in effect during litigation). The evidence must be viewed in the light most favorable to the nonmoving party. *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1116 (Fed. Cir. 1985) (en banc). To overturn summary judgment, the non-movant need only show that one or more facts on which the district court relied was genuinely in dispute and was material to the judgment. *Amini Innovation Corp. v. Anthony Cal., Inc.,* 439 F.3d 1365, 1368 (Fed. Cir. 2006). However, conclusory statements alone do not raise a genuine issue of material fact sufficient to defeat summary judgment. *Applied Cos. v. United States*, 144 F.3d 1470, 1475 (Fed. Cir. 1998); *Sweats Fashions, Inc. v. Pannill Knitting Co., Inc.*, 833 F.2d 1560, 1562-63 (Fed. Cir. 1987).

In reviewing issues not within this court's exclusive jurisdiction, this court applies the law of the regional

circuit, in this case the United States Court of Appeals for the Eighth Circuit. *See Cicena Ltd. v. Columbia Telecommc'ns. Grp.*, 900 F.2d 1546, 1548 (Fed. Cir. 1990). The district court's issuance of a permanent injunction and award of attorneys' fees on the grounds that the case is exceptional is reviewed under an abuse of discretion standard. *See Cmty. of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church*, 634 F.3d 1005, 1013 (8th Cir. 2011).

## III

The district court did not err in granting 3M's motion for partial summary judgment. With respect to the '865 patent, Mohan's lone objection to the summary judgment decision is that "the [district court] made a [f]actual [f]inding that 3M's patent was valid after a visual inspection that lasted several seconds." Brief for Appellant 35. He does not appeal the finding of infringement.

An issued patent is presumed valid. 35 U.S.C. § 282. As the accused infringer, Mohan was required to present clear and convincing evidence of invalidity to overcome this presumption. *Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001). Mohan relied solely on his own testimony that a turkey baster anticipates the '865 patent and that the claims of the '865 patent were obvious in view of a door hinge, eye dropper, gears, toilet plunger, and a toothbrush. Appellee App. 0160. Mohan failed to show that these items disclose or render obvious elements of the asserted claims or that any of these asserted devices would be considered pertinent by one of ordinary skill in the art. Mohan's conclusory assertions of patent invalidity do not raise a genuine issue of material fact sufficient to defeat summary judgment. *Applied Cos.*, 144 F.3d at 1475. Therefore, this court affirms the district court's finding that the '865 patent was not invalid.

Similar evidentiary infirmities plague Mohan's appeal on trademark validity.  The district court found 3M's marks to be suggestive, requiring some imagination to connect the marks, "CARDIOLOGY III" and "MASTER CARDIOLOGY," with stethoscopes. *See Frosty Treats Inc. v. Sony Computer Entm't Am. Inc.*, 426 F.3d 1001, 1004-05 (8th Cir. 2005) ("Suggestive marks, which require imagination, thought, and perception to reach a conclusion as to the nature of the goods . . . are entitled to protection regardless of whether they have acquired secondary meaning.").  Mohan presented no evidence to the contrary.  While Mohan argues that 3M's marks have become generic and that 3M has abandoned these marks, the district court correctly found that Mohan failed to produce any meaningful evidence in support of these assertions.  Therefore, this court upholds the district court's grant of summary judgment on trademark validity.

## IV

The district court's decision to hold a bench trial on the issue of trademark infringement did not violate Mohan's Seventh Amendment right to a jury trial because the district court refused to grant 3M's request for statutory damages under the Lanham Act.

Following the entry of partial summary judgment for 3M, the district court held a bench trial on trademark infringement, injunctive relief, statutory damages, and attorneys' fees.  The district court recognized that the right to a jury trial under the Seventh Amendment is determined by the nature of the remedies at stake. *Entergy Ark, Inc. v. Neb.*, 358 F.3d 528, 545-46 (8th Cir. 2004).  While 3M requested a judicially-determined award of statutory damages, the district court found that, under Eighth Circuit law, this request conflicted with Mohan's

Seventh Amendment right to a jury trial on statutory damages. *3M II*, 2010 WL 5095676, at \*28. The district court denied 3M's claim for judicially determined statutory damages under the Lanham Act.

Without its statutory damages claim, 3M only sought to enforce its equitable rights and remedies under the Lanham Act, and the Seventh Amendment does not apply in suits seeking only equitable relief. *See City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709-11 (1999). This court rejects Mohan's argument that a permanent injunction operates as a *de facto* damages award. The economic consequences of an injunction do not transform it from a traditional equitable remedy into a legal one.

Furthermore, 3M was not required to obtain Mohan's consent in order to withdraw its jury demand because Federal Rule of Civil Procedure 38 does not apply when a party decides to proceed only on equitable claims. *See Tegal Corp. v. Tokyo Electron Am., Inc.*, 257 F.3d 1331, 1341 (Fed. Cir. 2001). Thus, the district court's finding of trademark infringement and resulting permanent injunction did not violate Mohan's Seventh Amendment right to a jury trial.

V

Regarding trademark infringement, 3M was required to show that there was a likelihood of confusion between its marks and Mohan's marks. *See* 15 U.S.C. § 1125(a). To determine whether a likelihood of confusion exists, the district court was required to consider the following factors: (1) the strength of the trademark; (2) the similarity between the plaintiff's and defendant's marks; (3) the competitive proximity of the parties' products; (4) the alleged infringer's intent to confuse the public; (5) evidence of any actual confusion; and (6), the degree of care

reasonably expected of the plaintiff's potential customers. *See SquirtCo v. Seven-Up Co.*, 628 F.2d 1086, 1091 (8th Cir. 1980). The district court's determination regarding likelihood of confusion is a question of fact reviewed for clear error. *Id.*

The district court evaluated each of the *SquirtCo* factors, and the record supports its ultimate finding of trademark infringement based on the likelihood of confusion between 3M's marks and Mohan's marks. 3M presented evidence of confusion between the two marks including survey data among nurses and doctors showing a likelihood of confusion of 42 percent. 3M also presented emails between consumers and Mohan in which Mohan apologized for confusion regarding the source of the goods. *See 3M II*, 2010 WL 5095676, at \*21-22. While Mohan challenges the fairness and quality of the survey data, he has not presented any evidence supporting these challenges. Mohan raised similar arguments at trial, and the district court found that "the survey was not substantially flawed, and is accorded substantial weight." *See id.* Mohan's arguments on appeal do not highlight error sufficient to overturn this finding.

Mohan's argument that the fair use doctrine protects his uses of 3M's marks is misplaced. Fair use under the Lanham Act requires that the alleged infringer prove that the use of the allegedly-infringing term is used "otherwise than as a mark . . . or of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of such party. . . ." 15 U.S.C. § 1115(b)(4). Here, the district court specifically found that Mohan's uses of 3M's marks constituted counterfeiting under the Lanham Act and that Mohan intended to associate his stethoscopes with 3M's goods and take advantage of 3M's fame. *3M II*, 2010 WL 5095676, at \*18, 20. Its "unequivocal finding of purposeful and egregious

infringement unmistakably negates any possibility that [Mohan's] use of 3M's marks constituted fair use." *3M Co. v. Mohan*, No. 09-cv-01413, *5 (D. Minn. Jan. 19, 2011) (order denying defendant's motion for new trial). Mohan has failed to show that the district court erred in making this finding or that his use of the marks was actually in good faith. Thus, he has not met his burden of proof under the Lanham Act and cannot claim fair use as a defense to his infringement of 3M's marks.

VI

The Lanham Act authorizes "reasonable attorney fees to the prevailing party" in "exceptional cases." 15 U.S.C. § 1117(a). "Courts have defined the characteristics of exceptional cases with adjectives suggesting egregious conduct by a party." *Doctor's Assoc. v. Subway.SY, L.L.C.*, 733 F. Supp. 2d 1083, 1088-89 (D. Minn. 2010) (quoting *Aromatique, Inc. v. Gold Seal*, 28 F.3d 863, 877 (8th Cir. 1994)).

The district court determined that Mohan's conduct was deliberate and willful, finding this case to be exceptional justifying an award of attorneys' fees and costs. *3M II*, 2010 WL 5095656, *27-28. Mohan argues that the award was baseless because his use of 3M's marks constituted fair use. As noted above, Mohan did not engage in fair use of 3M's marks. Furthermore, the district court found that Mohan deliberately and knowingly counterfeited 3M's marks, sold goods with these counterfeit marks, and intended to use 3M's well-known marks in an "attempt to free ride on the goodwill of the trademark holder . . ." *Id.* at *27. Thus, the award of fees was justified in this case.

## VII

We have considered other arguments made on appeal and find they provide no basis for relief. For the foregoing reasons, the district court's decision is affirmed.

**AFFIRMED**